# FisherBroyles

**Ariel Reinitz**
*Partner*
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

Ariel.Reinitz@fisherbroyles.com
Direct: 646.494.6909

May 19, 2020

**VIA ECF**

Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

By separate order, this case has been referred to Magistrate Judge Freeman for general pretrial purposes. This issue shall thus be raised with Judge Freeman.

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
May 20, 2020

Re: *GateGuard, Inc. v. MVI Systems LLC; Samuel Taub*
Case No.: 1:19-cv-02472-RA

Dear Judge Abrams:

I represent Plaintiff GateGuard, Inc. ("Plaintiff") in the referenced action. I write pursuant to Local Civil Rule 37.2 and Section 3 of this Court's Individual Rules of Practice in Civil Cases to request a conference regarding Plaintiff's proposed motion to compel Defendant Samuel Taub ("Taub") to respond to Plaintiff's first request for documents.

Plaintiff served its First Request for Production of Documents (the "Requests") to Taub on March 16, 2020 (*see* Exhibit A). Concurrently, Plaintiff also served separate document requests on co-defendant MVI Systems LLC ("MVI").

After receiving no response to any of the requests within the prescribed 30-day timeframe, the parties conducted a first meet and confer call on April 22, 2020. During this call, Defendants' counsel requested a belated extension to respond to the outstanding requests. Plaintiff agreed, on condition Defendants provide substantive responses to the requests. Defendants subsequently requested further extension, to which Plaintiff again consented.

On May 4, 2020, MVI served initial "boilerplate" objections to the requests and produced no documents. Taub, however, failed to respond to the Requests directed to him.

After Plaintiff notified Defendants that the responses were deficient, the parties conducted a second meet-and-confer on May 11, 2020 (*see* Exhibit B). During this call, the parties engaged in constructive discussion regarding the deficiencies in MVI's responses.

      Counsel for Plaintiff also raised the issue of Taub's failure to respond or object to the Requests directed to him (*see* Exhibit C). Defendants' counsel acknowledged this deficiency and indicated Taub's responses would be forthcoming "tomorrow."

      On May 13, 2020, the parties participated in a third meet-and-confer. During this call, Plaintiff again raised the issue of Taub's failure to respond or object to the Requests. Plaintiff further asserted that by failing to respond, Taub had waived any objection to the Requests. Defendants' counsel again indicated he would serve responses "tomorrow."

      Despite several written notices and three attempts to meet-and-confer, Taub has yet to respond to the outstanding Requests directed to him.

      "A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." *Cohalan v. Genie Industries, Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011), quoting *UBS International Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, No. 09 Civ. 4286, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010).

      While Plaintiff is mindful of the challenging circumstances during the ongoing COVID-19 pandemic, Plaintiff has made no progress in obtaining Defendant Taub's responses despite multiple good-faith attempts. Plaintiff therefore requests a pre-motion conference with the Court concerning Plaintiff's forthcoming motion to compel responses from Defendant Taub.

                                                          Respectfully submitted,
                                                          By: /s/ Ariel Reinitz
                                                          Ariel Reinitz

cc:     Counsel of Record (via ECF)

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GATEGUARD, INC.,<br><br>*Plaintiff*,<br><br>v.<br>MVI SYSTEMS LLC;<br>SAMUEL TAUB;<br>MVI INDUSTRIES, LLC,<br>*Defendants*. | Civil Action No. 1:19-cv-02472-RA |

## PLAINTIFF GATEGUARD, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SAMUEL TAUB, SET ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff GateGuard, Inc. propounds the following requests for production of documents and things to Defendant Samuel Taub. Defendant Samuel Taub must respond to the requests by producing all responsive documents in his possession, custody or control, within thirty (30) days.

## **DEFINITIONS**

As used herein, the following terms shall have the meanings indicated below:

1. "Any, "any," and "each" shall be construed as encompassing any and all.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. "Concerning" means relating to, referring to, describing, evincing, or constituting.

4. "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P.

**REQUEST NO. 29.**

All Documents identified in Section (C) of Defendants' Initial Disclosures, served on July 5, 2019.

March 16, 2020

                                           */s/ Ariel Reinitz*
                                           Ariel Reinitz
                                           FISHERBROYLES, LLP
                                           445 Park Avenue, Ninth Floor
                                           New York, NY 10022
                                           (646)494-6909
                                           Ariel.Reinitz@FisherBroyles.com
                                           *Attorneys for Plaintiffs*
                                           *GateGuard*

# Exhibit B

# Ariel Reinitz

| | |
|---|---|
| **From:** | Ariel Reinitz |
| **Sent:** | Tuesday, May 5, 2020 7:22 PM |
| **To:** | 'aee@elgpllc.com' |
| **Subject:** | RE: [External Sender]Discovery |

Hi Adam,

The responses you sent are fundamentally deficient in several respects. For example, most fail to comply with FRCP 34(b)(2)(C) (by not stating whether responsive materials are being withheld).

I note that after Defendants failed to respond to these discovery requests by the deadline, you requested two further extensions. We consented on the explicit understanding you would provide good-faith responses (as discussed during our 'meet and confer' on Apr. 22). It is particularly troubling Defendants now simply respond with boilerplate objections <u>without producing a single document</u>.

When are you available to meet and confer on these discovery responses?

Thanks,

**Ariel Reinitz**
Partner

_____

**FisherBroyles, LLP**
direct: +1.646.494.6909
ariel.reinitz@fisherbroyles.com
www.fisherbroyles.com

---

**From:** aee@elgpllc.com <aee@elgpllc.com>
**Sent:** Monday, May 4, 2020 8:23 PM
**To:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Cc:** aee@elgpllc.com
**Subject:** [External Sender]Discovery

Ariel,

Please see attached.

Best,
Adam

THE ENGEL LAW GROUP, PLLC
280 MADISON AVENUE – SUITE 705
NEW YORK, NY 10016
**(212) 665-8095**



1

# Exhibit C

# Ariel Reinitz

| | |
|---|---|
| **From:** | Ariel Reinitz |
| **Sent:** | Tuesday, May 12, 2020 12:25 PM |
| **To:** | Adam Engel |
| **Subject:** | RE: [External Sender]Discovery |

Adam – to briefly memorialize our 'meet and confer' yesterday:

1. We discussed that GateGuard's current discovery requests pertain to specific entities MVI publicly identifies as its 'clients.'
2. I noted that at the outset of this case GateGuard agreed to MVI's request to stay all discovery pending the outcome of MVI's motion for summary judgment. It's now over a year later, the Court has ruled, and GateGuard maintains discovery must proceed.
3. GateGuard is open to negotiating an appropriate protective order to facilitate exchange of confidential information in discovery.
4. Though MVI did belatedly serve (boilerplate) responses to GateGuard's document requests, Taub failed to respond to GateGuard's demands served March 16, 2020. As Taub has failed to timely raise any objection, any such objections are waived and Taub must respond in full to the outstanding requests.
5. You indicated you would confer with your co-counsel re: your prospective motion(s) to dismiss and we would then confer whether certain aspects of discovery may be better 'staged' in relation to these motions. We planned to further confer tomorrow (Wed.) at 3:30pm on these issues.

Regards,
Ariel

**Ariel Reinitz**
Partner

_____

**FisherBroyles, LLP**
direct: +1.646.494.6909
ariel.reinitz@fisherbroyles.com
www.fisherbroyles.com

1