UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

GATEGUARD, INC.,

                      Plaintiff,                 Civil Action No. 1:19-cv-02472-RA

     -v-

MVI SYSTEMS LLC, SAMUEL TAUB, and
MVI INDUSTRIES, LLC,

                      Defendants.
---------------------------------------------------------------x


## MEMORANDUM IN SUPPORT OF
## <u>DEFENDANT MVI INDUSTRIES, LLC'S MOTION TO DISMISS</u>


MOSKOWITZ & BOOK, LLP
345 Seventh Avenue, 21st Floor
New York, NY 10001
O: (212) 221-7999
F: (646) 833-1657
dstein@mb-llp.com

*Attorneys for Defendant MVI Industries, LLC*


Of Counsel:  David A. Stein, Esq.

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................. 3

STANDARD OF REVIEW ................................................................................................. 5

ARGUMENT ....................................................................................................................... 6

I.    THE COURT SHOULD DISMISS THE MISAPPROPRIATION CLAIMS, TORTIOUS INTERFERENCE CLAIM, AND UNFAIR COMPETITION CLAIM IN COUNTS I, II, V, AND VI OF THE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFF FAILS TO ALLEGE ANY ACTIONABLE CONDUCT BY INDUSTRIES ............................................................................................................... 6

    A.  The Court Should Dismiss Counts I, II, and VI. ............................................... 6

    B.  The Court Should Dismiss Count V ................................................................ 8

    C.  The Court Should Also Dismiss Counts I, II, V, and VI Because (i) Any Conduct Not Specifically Alleged to Have Been Performed by Taub or Systems Was Improperly Group Pled and (ii) the SAC Fails to Allege Any Other Basis by Which to Hold Industries Liable for Taub's or Systems' Alleged Actions. ............................................................... 9

II.   PLAINTIFF'S CORRECTION OF INVENTORSHIP CLAIM (COUNT III) MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM. .......................................................................................................... 10

III.  COUNTS VII AND VIII SHOULD BE DISMISSED AGAINST INDUSTRIES FOR FAILURE TO STATE A CLAIM BECAUSE THE SAC FAILS TO PLEAD THESE FRAUD-BASED CLAIMS WITH SUFFICIENT PARTICULARITY. ................................. 11

CONCLUSION .................................................................................................................. 16

# **TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                                                    **Page(s)**

*Appalachian Enters., Inc. v. ePayment Solutions Ltd.,* No. 01-cv-11502(GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004 .................................................................................. 10

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ........................................................................... 5, 11

*Atlanta Shipping Corp. v. Chemical Bank,* 818 F.2d 240, 251 (2d Cir. 1987) ............................ 12

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) .................................... 5

*AW Indus., Inc. v. Sleepingwell Mattress Inc.*, No. 10–cv–04439(NGG)(RER), 2011 WL 4404029, at *4 (E.D.N.Y. Aug. 31, 2011), *report and recommendation adopted*, No. 10–cv– 04439(NGG)(RER), 2011 WL 4406329 (E.D.N.Y. Sept. 21, 2011). ........................................ 8

*Banks v. Consumer Home Mortg.*, No. 01–cv–8058(ILG), 2003 WL 21251584, at *6 n.7 (E.D.N.Y. Mar. 28, 2003) ..................................................................................................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ........................................................ 5, 6, 11

*Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 510 (S.D.N.Y. 2017) ...................................... 7

*Cargo Partner AG v. Albatrans Inc.,* 207 F.Supp. 2d 86, 116 (S.D.N.Y.2002),

    *aff'd,* 352 F.3d 41 (2d Cir. 2003) ............................................................................. 12, 13, 15

*Carlyle, LLC v. Quik Park 1633 Garage LLC*, 75 N.Y.S.3d 139, 141 (1st Dep't 2018) ............. 15

*Carvel Corp. v. Noonan,* 350 F.3d 6, 17 (2d Cir. 2003) ................................................................ 8

*DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 331 (E.D.N.Y. 2009) .............. 12

*Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009) ......................... 7

*Hassan v. Deutsche Bank A.G.*, 515 F. Supp. 2d 426, 429 (S.D.N.Y. 2007), *aff'd sub nom. Hassan v. Deutsche Bank AG*, 336 F. App'x 21 (2d Cir. 2009) ................................................. 8

*Holmes v. Allstate Corp.*, No. 11-cv-1543 (LTS) (DF), 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012), *report and recommendation adopted*, No. 11 CIV. 1543(LTS)(DCF), 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012) ......................................................................................... 10

*In re Document Techs. Litig.*, 275 F. Supp. 3d 454, 462 (S.D.N.Y. 2017) ..................................... 6

*Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir.1991) ................................................... 8

*Merrill Lynch, Pierce, Fenner & Smith,* No. 91-cv- 2923(CSH), 1994 WL 88129, at *15 (S.D.N.Y. Mar. 15, 1994) .................................................................................................... 10

*N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43-44 (2d Cir. 1999) ........................................... 7

*Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) ..................... 5

*Ray v. Ray*, 799 F. App'x 29 (2d Cir. 2020) ......................................................................... 11, 13

*RTN Networks, LLC v. Telco Grp., Inc.,* 126 A.D.3d 477, 5 N.Y.S.3d 80

(1st Dep't  2015) ............................................................................................. 12, 13, 14, 15, 16

*Runs Like Butter Inc. d/b/a ButterflyMX, v. MVI Systems LLC, et al.*, No. 18-cv-2432 (ARR)(JO), 2019 WL 7822670 (E.D.N.Y.) ............................................................................................... 15

*Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988) ........................................................................ 9

*Sidney Frank Importing Co. v. Beam Inc.*, 998 F. Supp. 2d 193 (S.D.N.Y. 2014) ....................... 7

*Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) ........................................... 5

*Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 15-cv-0211(LGS)(RLE), 2016 WL 5338550, at *6 (S.D.N.Y. Sept. 23, 2016) ................................................................... 6

*TicketNetwork, Inc. v. Darbouze*, 133 F. Supp. 3d 442, 449 (D. Conn. 2015) ............................. 8

*U.S.A. v. Ari Teman*, No. 19-cr-00696 (PAE) (S.D.N.Y. Jan. 29, 2020) ...................................... 1

*Waite v. Schoenbach,* No. 10-cv-3439(RMB), 2010 WL 4456955, at *6-*7 (S.D.N.Y. Oct. 29, 2010) ................................................................................................................................. 12, 13

## Statutes

18 U.S.C. § 1836 ....................................................................................................................... 2, 6

18 U.S.C. § 1839(3)(A)-(B) ........................................................................................................... 6

18 U.S.C. § 1839(6)(A)-(B) ........................................................................................................... 7

35 U.S.C. § 256 ........................................................................................................................... 10

## Rules

Fed. R. Civ. P. 12(b)(1) .................................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 5, 11

Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 9

Fed. R. Civ. P. 9(b) ..................................................................................................................... 12

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT MVI INDUSTRIES, LLC'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), Defendant MVI Industries, LLC ("**Industries)**, by its undersigned counsel, hereby submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint (the "**SAC**") (ECF No. 51) filed by Plaintiff GateGuard, Inc. ("**GateGuard**" or "**Plaintiff**").

## INTRODUCTION

Completely ignoring the Court's comments at the January 15, 2020 hearing regarding the "unusual" and "strange" allegations asserted by Plaintiff in its First Amended Complaint and the Court's skepticism about the merits of this lawsuit, and even the Court's stern warning about the availability of sanctions, Plaintiff has once again amended its pleading.  Plaintiff's third attempted pleading, however, does nothing to lessen the Court's concerns.[1]  The SAC lumps all Defendants together (with the exception of Count III), and adds new Counts VII and VIII for fraudulent conveyance against Industries.  The latter are premised entirely "on information and belief," and merely copy and parrot the allegations of fraudulent conveyance set forth in a different case from the U.S. District Court for the Eastern District of New York that settled out of court prior to the filing of responsive pleadings or any determination on the merits.

Plaintiff should never have added Industries as a defendant in this lawsuit.  This lawsuit seeks a remedy for conduct in which Industries was not involved and that occurred long before Industries existed or purchased the assets of Defendant MVI Systems, LLC ("**Systems**").  The

---

[1] A copy of the January 15, 2020 transcript of proceedings is annexed as Exhibit "A" to the accompanying certification of David A. Stein, dated May 22, 2020 ("Stein Cert.").  It is also noteworthy that on January 29, 2020, Plaintiff's principal, Ari Teman, was convicted in this Court on two counts of bank fraud and two counts of wire fraud, which only further add to the incredulity of the SAC's allegations.  *See U.S.A. v. Ari Teman*, 19 CR 696 (PAE) (S.D.N.Y. Jan. 29, 2020).  Stein Cert. Exh. "B."

gravamen of this lawsuit is that after GateGuard, a video intercom technology company, communicated with Defendant Samuel Taub ("**Taub**") back in 2016, and willingly disclosed its alleged trade secrets to Taub, Taub formed Systems and then purportedly used GateGuard's alleged trade secrets to file for patents for Systems and ultimately compete with GateGuard. Incredibly, the SAC now seeks to hold Industries responsible for Taub's and Systems' alleged actions simply because Industries purchased the assets of Systems years after the alleged wrongful conduct occurred. The SAC, however, is utterly devoid of any credible allegations against Industries that would justify such liability, and fails as a matter of law.

The SAC consists of eight causes of action: (i) "Trade Secret Misappropriation under the Defend Trade Secrets Act (18 U.S.C. § 1836 *et seq.*)" (Count I); (ii) "Misappropriation of Trade Secrets and Confidential Information under New York State Law" (Count II); (iii) "Correction of Inventorship of U.S. Patent Nos. 10, 158,831 and 10,560,664 under 35 U.S.C. § 256" (Count III); (iv) "Breach of Contract (as to Defendant Taub)" (Count IV); (v) "Tortious Interference with Business Relationships under New York Law" (Count V); (vi) "Unfair Competition Misappropriation of Skills and Expenditures" (Count VI); (vii) "Actual Fraudulent Conveyance under New York Law" (Count VII); and (viii) "Constructive Fraudulent Conveyance under New York Law" (Count VIII). Although not expressly stated, it appears that the SAC asserts claims against Industries in Counts I, II, III, V, VI, VII and VIII, all of which fail against Industries as a matter of law. Notably, Counts I, II, V (formerly VII), and VI (formerly X) are verbatim the same as the corresponding counts in GateGuard's prior pleading, the Amended Complaint, which did <u>not</u> name Industries as a party defendant. Accordingly, this Court should dismiss all claims against Industries with prejudice and remove Industries as a defendant in this case.

## STATEMENT OF FACTS[2]

Significantly, the SAC's allegations almost entirely focus on alleged conduct by Taub and Systems, not Industries.  According to the SAC, Taub, the Chairman, CEO and founder of Systems, solicited communication with Plaintiff in late 2016, allegedly misrepresenting himself as an installer of security systems who desired to become a reseller for Plaintiff.  *See* SAC ¶¶ 9, 12, 25, 77, 93.  Plaintiff alleges that before it communicated with Taub regarding alleged trade secrets, Taub contractually agreed to keep Plaintiff's alleged trade secret information confidential. *See, e.g.*, SAC ¶¶ 10-11, 78-98.  Because of the alleged contractual agreement between Taub and Plaintiff, Plaintiff claims it disclosed its alleged trade secrets to Taub.  *See* SAC ¶¶ 11, 91-92, 96-105, 108, 110-116, 203.

In addition to claiming that Plaintiff's alleged trade secret information was disclosed only to Taub, the Amended Complaint alleges that only Taub and Systems misappropriated that information.  *See, e.g.*, SAC ¶¶ 11, 91-92, 96-105, 108, 110-116, 121, 193-194.  Similarly, the SAC asserts that only Taub and Systems allegedly used the information Taub obtained regarding Plaintiff's product, and only Taub and Systems knew or had reason to know that the information was confidential and allegedly improperly acquired.  *See, e.g.*, SAC ¶¶ 13-16, 145-154, 194-195.  Moreover, Plaintiff's allegations that (i) Taub used Plaintiff's alleged trade secrets as the foundation for Systems, (ii) Taub incorporated any such trade secrets into Systems' products, and (iii) Taub and Systems used Plaintiff's alleged trade secrets to benefit Systems all are made on information and belief.  *See* SAC ¶¶ 117, 119-121, 150-154.  Further, despite not alleging facts of any conduct or knowledge on the part of Industries, the SAC lumps all of the Defendants together

---

[2] The Statement of Facts is derived from the SAC without any admission of the truth or veracity of any of the SAC's allegations.

and makes conclusory allegations regarding unfair competition. *See* SAC ¶¶ 244-247.

The SAC's allegations regarding tortious interference with business relationships likewise involve only Taub and Systems, not Industries. Indeed, according to the SAC, only Taub and Systems had knowledge of Plaintiff's alleged business relationships and only Taub and Systems interfered with those alleged relationships for the supposed purpose of benefitting Systems. *See* SAC ¶¶ 150-158, 233-234. Despite not alleging any conduct or interference by Industries, the SAC again lumps all of the Defendants together, making conclusory allegations, several solely on information and belief, that "Defendants' conduct" and "Defendants tortious interference" were, *inter alia*, intentional, unlawful and knowing, and profited "Defendants". *See* SAC ¶¶ 235-241.

In addition to much of the SAC's allegations against Taub and Systems being made on information and belief, Plaintiff remarkably expands the speculative nature of its allegations by attempting to implicate Industries based on conclusory allegations and allegations made <u>entirely</u> on information and belief. *See* SAC ¶¶ 162-186, 250-256, 259-265. Indeed, every single one of the SAC's allegations regarding Taub's and Systems' involvement with Industries, or any involvement by Industries at all, is made solely on information and belief. *See* SAC ¶¶ 25, 27, 170-182, 186, 250-256, 259-265. Every single one of the SAC's allegations regarding the asset purchase and sale between Systems and Industries is made solely on information and belief. *See* SAC ¶¶ 162-170. Every single one of the SAC's allegations regarding membership in Industries is made solely on information and belief. *See* SAC ¶¶ 170-182.

Further, according to the SAC, and as is typical in an asset purchase, Industries purchased Systems' entire business but did not assume any of Systems' liabilities. *See* SAC ¶¶ 163, 166, 169. Despite Plaintiff conceding that Industries purchased Systems' assets with cash in the amount of nearly a quarter of a million dollars, *see* SAC ¶ 162, the SAC alleges, again solely on

information and belief, that Systems was insolvent, the conveyance made it insolvent, and that the consideration was insufficient. *See* SAC ¶¶ 252-254, 261-264. Notably, the SAC does not allege that the assets Industries purchased from Systems included any cash or cash equivalents of Systems.

As discussed below, Plaintiff's conclusory and speculative allegations against Industries fail as a matter of law. Dismissal of all of Plaintiff's claims against Industries is more than warranted.

## STANDARD OF REVIEW

To survive a Fed. R. Civ. P. ("**Rule**") 12(b)(6) motion to dismiss, a plaintiff must provide grounds upon which their claims rest through "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In applying the motion to dismiss standard, a court must accept as true all well-pled factual allegations, but it does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Id.* Additionally, a court will give "no effect to legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). If a court can infer no more than the mere possibility of misconduct from the factual averments—that is, if the well-pled allegations of the

complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate. *Twombly*, 550 U.S. at 570.

## ARGUMENT

**I.    THE COURT SHOULD DISMISS THE MISAPPROPRIATION CLAIMS, TORTIOUS INTERFERENCE CLAIM, AND UNFAIR COMPETITION CLAIM IN COUNTS I, II, V, AND VI OF THE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFF FAILS TO ALLEGE ANY ACTIONABLE CONDUCT BY INDUSTRIES.**

Although each of the claims in Counts I, II, V, and VI have different elements as identified below, each of these claims also include a similar requirement that must be pled in order to state a claim against Industries, namely that, in order to be liable, Industries must have performed some actionable conduct.  Here, the SAC fails to allege any conduct by Industries that would enable any of these claims to proceed against Industries.

### A.  The Court Should Dismiss Counts I, II, and VI.

Count I of the SAC alleges a claim for Trade Secret Misappropriation under the Defend Trade Secrets Act (18 U.S.C. § 1836 *et seq.*).  Under the Defend Trade Secrets Act (the "**DTSA**"), a party must allege "an unconsented disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty.'" *In re Document Techs. Litig.*, 275 F. Supp. 3d 454, 462 (S.D.N.Y. 2017) (quoting *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 15-cv-0211(LGS)(RLE), 2016 WL 5338550, at *6 (S.D.N.Y. Sept. 23, 2016)); *see also* 18 U.S.C. § 1839(3)(A)-(B). The DTSA's definition of "improper means" includes "misrepresentation, [and] breach or inducement of a

6

breach of a duty to maintain secrecy". *Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 510 (S.D.N.Y. 2017) (quoting 18 U.S.C. § 1839(6)(A)-(B)).

Count II of the SAC alleges a claim for Misappropriation of Trade Secrets and Confidential Information under New York State law. Similar to a misappropriation claim under the aforementioned Federal law, a claim for the misappropriation of trade secrets under New York law must allege "(1) that [the plaintiff] possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as the result of discovery by improper means." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009) (quoting *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43-44 (2d Cir. 1999)).

Count VI of the SAC alleges a claim for Unfair Competition - Misappropriation of Skills and Expenditures, which, to survive a motion to dismiss, must allege conduct that is nearly identical to the conduct required in Counts I and II of the SAC. Specifically, to state a claim for the misappropriation theory of unfair competition, a plaintiff must allege "that the defendant: (1) misappropriated the plaintiff[]'s labors, skills, expenditures, or good will; and (2) displayed some element of bad faith in doing so." *Sidney Frank Importing Co. v. Beam Inc.*, 998 F. Supp. 2d 193, 208 (S.D.N.Y. 2014) (internal quotation marks and citations omitted). Misappropriation is "taking the skills, expenditures, and labor of a competitor[.]" *Id.* (internal quotation marks and citation omitted).

Here, the SAC fails to allege any actionable conduct of misappropriation on the part of Industries. Indeed, the allegations of misappropriation in the SAC all involve conduct allegedly performed by Taub and/or Systems. *See* SAC ¶¶ 9-16, 77-121, 145-155, 194-195. The Amended Complaint is devoid of any allegations that (i) Industries used improper means to acquire the secret, (ii) at the time of disclosure, Industries knew or had reason to know that the trade secret was

acquired, or (iii) there was any contract or duty between Plaintiff and Industries.  To be sure, because Industries did not even exist in 2016 when the purported misappropriation allegedly occurred, (*see* Articles of Incorporation of MVI Industries, LLC, a true and correct copy of which is attached as <u>Exhibit "C" to the Stein Cert.</u>,)[3] Industries could not have taken any such action, had any such knowledge, been a party to any contract, or had any duty to Plaintiff.  Because the SAC fails to allege, and cannot allege, any conduct by Industries by which to hold Industries liable for the alleged misappropriation, the Court should dismiss Counts I, II and VI against Industries, with prejudice.

## B.  The Court Should Dismiss Count V.

Count V of the SAC alleges a claim for tortious interference with business relationships. To state such a claim, a plaintiff must allege that "(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Hassan v. Deutsche Bank A.G.*, 515 F. Supp. 2d 426, 429 (S.D.N.Y. 2007) (quoting *Carvel Corp. v. Noonan,* 350 F.3d 6, 17 (2d Cir. 2003)), *aff'd sub nom. Hassan v. Deutsche Bank AG*, 336 F. App'x 21 (2d Cir. 2009).  Conduct

---

[3] In considering a motion to dismiss, a court may take judicial notice of matters of public record, including documents filed with public bodies, such as articles of incorporation, without transforming the motion into one for summary judgment. *See TicketNetwork, Inc. v. Darbouze*, 133 F. Supp. 3d 442, 449 (D. Conn. 2015) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir.1991) (taking judicial notice of contents of corporate filings with the S.E.C.)); *Banks v. Consumer Home Mortg.*, No. 01–cv–8058(ILG), 2003 WL 21251584, at *6 n.7 (E.D.N.Y. Mar. 28, 2003) (taking judicial notice of public record on file with Secretary of State for Georgia); *see also AW Indus., Inc. v. Sleepingwell Mattress Inc.*, No. 10–cv–04439(NGG)(RER), 2011 WL 4404029, at *4 (E.D.N.Y. Aug. 31, 2011) (noting that the Court can take judicial notice of certificates of amendment and incorporation to analyze the true name of a legal entity in resolving a motion to dismiss), *report and recommendation adopted*, No. 10–cv–04439(NGG)(RER), 2011 WL 4406329 (E.D.N.Y. Sept. 21, 2011)).

sufficient to constitute tortious interference with business relations is "conduct directed not at the plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship." *Id.* at 430.

Here, the Amended Complaint again fails to allege any actionable conduct on the part of Industries to sustain a claim for tortious interference. As with Plaintiff's misappropriation claims, the SAC alleges conduct of interference, knowledge, and dishonest, unfair and improper means only on the part of Taub and/or Systems. *See* SAC ¶¶ 9, 93, 97, 113-116, 150-157, 232-234. Unsurprisingly, the SAC is devoid of allegations of conduct amounting to tortious interference by Industries and, once again, cannot do so because Industries did not exist when the alleged tortious interference allegedly occurred. *See* Stein Cert. Exh. "C." Because the SAC fails to allege, and cannot allege, any conduct by Industries by which to hold Industries liable for tortious interference with business relationships, the Court should dismiss Count V against Industries, with prejudice.

### C. The Court Should Also Dismiss Counts I, II, V, and VI Because (i) Any Conduct Not Specifically Alleged to Have Been Performed by Taub or Systems Was Improperly Group Pled and (ii) the SAC Fails to Allege Any Other Basis by Which to Hold Industries Liable for Taub's or Systems' Alleged Actions.

Counts I, II, V, and VI of the Amended Complaint should be dismissed against Industries for an additional reason: Plaintiffs have improperly group-pled these claims in violation of Rule 8(a)(2). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it." *Holmes v. Allstate Corp.*, No. 11-cv-1543 (LTS) (DF), 2012 WL 627238, at *22

(S.D.N.Y. Jan. 27, 2012) (citation omitted), *report and recommendation adopted*, No. 11 CIV. 1543(LTS)(DCF), 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012).

In the present case, the Court should dismiss Counts I, II, V, and VI of the SAC because each impermissibly engages in group pleading in an effort to make Industries liable even though Industries did not, and could not, engage in any actionable conduct—a fact which Plaintiff clearly recognizes by failing to make any viable, non-conclusory or non-speculative allegations against Industries.  Indeed, where Plaintiff does not make allegations directly against Taub and Systems regarding the claims in Counts I, II, V, and VI, Plaintiff lumps all of the Defendants together and does not distinguish any aspect of their alleged misconduct. *See* SAC ¶¶ 196-198, 202, 205-209, 235-241, 244-247.  As a general matter, pleadings are required to specify "which defendant is alleged to have committed a particular ... act." *Merrill Lynch, Pierce, Fenner & Smith,* No. 91-cv-2923(CSH), 1994 WL 88129, at *15 (S.D.N.Y. Mar. 15, 1994); *see also Appalachian Enters., Inc. v. ePayment Solutions Ltd.,* No. 01-cv-11502(GBD), 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) (dismissing complaint that "lump[ed] all the defendants together and fail[ed] to distinguish their conduct" (internal quotation marks omitted)).  Plaintiff's group pleading is insufficient to maintain the claims against Industries in Counts I, II, V, and VI.  Accordingly, the Court should dismiss with prejudice the claims against Industries in Counts I, II, V, and VI of the SAC—Plaintiff's third attempted pleading—for this reason as well.

## II.    PLAINTIFF'S CORRECTION OF INVENTORSHIP CLAIM (COUNT III) MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM.

Count III of the SAC alleges a claim for correction of inventorship under 35 U.S.C. § 256. As discussed in detail in the Motion to Dismiss filed by Defendants MVI Systems LLC and Samuel

Taub ("Systems Brief"), which arguments are incorporated herein by reference,[4] complete substitution of inventors is only available in cases of "collaboration," which the SAC expressly disavows.  *See* Systems Brief at III.A.  Count III must thus be dismissed for want of subject matter jurisdiction.

Further, GateGuard relies entirely on unsupported and conclusory allegations in support of its patent claims, and has not met the high bar for pleading a claim for correction of inventorship. Count III thus also should be dismissed pursuant to Rule 12(b)(6).  *See* Systems Brief at III.B.

### III.    COUNTS VII AND VIII SHOULD BE DISMISSED AGAINST INDUSTRIES FOR FAILURE TO STATE A CLAIM BECAUSE THE SAC FAILS TO PLEAD THESE FRAUD-BASED CLAIMS WITH SUFFICIENT PARTICULARITY.

The pleading standard required by *Twombly* and *Iqbal*—that a plaintiff provide the grounds upon which its claim rests through factual allegations sufficient to raise a right to relief above the speculative level—also forecloses Plaintiff's claims against Industries in Counts VII and VIII of the SAC. *See Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 677–78.  Counts VII and VIII of the SAC assert fraudulent conveyance claims under Sections 273, 275, 276, 276-a and 279 of the New York Debtor and Creditor Law ("**DCL**").[5]  Plaintiff's fraud-based claims against

---

[4] Specifically, Industries respectfully refers the Court to Points II and III.A, B, and C of the Systems Brief, and the authorities cited therein.

[5] All references to the DCL are to the 2019 version of the statute, effective through April 3, 2020. As of April 4, 2020, the new version applies.  It does not, however, apply retroactively. *See* 2019 N.Y. Laws, ch. 580, § 2, eff. April 4, 2020; *see also Ray v. Ray*, 799 F. App'x 29, 31 n.1 (2d Cir. 2020) (summary order) ("We briefly note that all sections of the NYDCL relevant to this appeal have been repealed and replaced—effective April 4, 2020—by an act of the New York legislature approved on December 6, 2019. The new provisions, however, will 'not apply to a transfer made or obligation incurred before" the act's effective date, "nor shall [they] apply to a right of action that has accrued before [that] effective date.'" (citations omitted)).

Industries in Counts VII and VIII of the SAC merit dismissal, however, because the SAC fails to properly plead these claims.

To properly plead a claim for fraud, it must be pled with particularity. *See* Fed. R. Civ. P. 9(b). It is well established that Rule 9(b)'s pleading requirements for particularity apply to fraudulent conveyance claims under DCL §§ 276 and 276-a. *See, e.g.*, *DLJ Mortg. Capital, Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 331 (E.D.N.Y. 2009). Even though the Rule 9(b) requirements do not apply to constructive fraudulent transfer claims under the DCL, no DCL claim can survive on conclusory allegations alone. *See id.* (finding the plaintiff's allegations for its actual and constructive fraudulent conveyance claims were "nothing but conclusory and do not raise sufficient questions as to their merits to justify restraint by preliminary injunction under any provision of the DCL"); *Waite v. Schoenbach,* No. 10-cv-3439(RMB), 2010 WL 4456955, at *6-*7 (S.D.N.Y. Oct. 29, 2010) (finding the plaintiff's allegations like "transfers were made without fair consideration" are conclusory allegations that cannot withstand a motion to dismiss). Allegations made solely on information and belief are conclusory and, without more, cannot withstand a motion to dismiss. *See, e.g.*, *Cargo Partner AG v. Albatrans Inc.,* 207 F.Supp. 2d 86, 116 (S.D.N.Y.2002), *aff'd,* 352 F.3d 41 (2d Cir. 2003). Here, in addition to a majority of Plaintiff's allegations regarding fraudulent conveyance being nothing more than mere legal conclusions, every single one of Plaintiff's allegations for its fraud-based claims in Counts VII and VIII is speculative and made "on information and belief." *See* SAC ¶¶ 162-186, 250-256, 259-265.

For Plaintiff's claim in Count VII asserted pursuant to DCL §§ 276 and 276-a, Plaintiff is required to plead with particularity Industries' intent to hinder, delay, or defraud present or future creditors. *See, e.g.*, *Atlanta Shipping Corp. v. Chemical Bank,* 818 F.2d 240, 251 (2d Cir. 1987); *Cargo Partner AG*, 207 F.Supp. 2d at 116; *Waite*, 2010 WL 4456955, at *5-*6; *see also RTN*

*Networks, LLC v. Telco Grp., Inc.,* 5 N.Y.S.3d 80, 81 (1st Dep't 2015).  In the present case, Plaintiff failed to do so.  All its allegations of intent, whether actual or otherwise, regarding the alleged fraudulent conveyance under DCL §§ 276 and 276-a are insufficient because they are purely speculative and made on "information and belief" or are just bare-boned and conclusory. *See* SAC ¶¶ 162-186, 250-256. Because the SAC fails to plead with sufficient particularity any intent to hinder, delay, or defraud present or future creditors, dismissal of Count VII against Industries is appropriate.  *See Cargo Partner AG*, 207 F.Supp. 2d at 116 (dismissing DCL §§ 276 and 276-a claims for failure to plead with particularity); *Waite*, 2010 WL 4456955, at *6 (same); *see also Ray v. Ray*, 799 F. App'x 29, 32 (2d Cir. 2020) (summary order) (affirming the district court's dismissal of the plaintiff's DCL § 276 claim because intent was not plausibly pleaded with sufficient specificity); *RTN Networks, LLC*, 5 N.Y.S.3d at 81(dismissing DCL §§ 276 and 276-a claims for failure to sufficiently allege an actual intent to defraud).

For Plaintiff's claim in Count VIII asserted pursuant to DCL §§ 273, Plaintiff is required to sufficiently allege that the debtor "is or will be [ ] rendered insolvent [by the transaction]." *See Ray*, 799 F. App'x at 30 (alteration in original) (quoting DCL § 273).  For Plaintiff's claim in Count VIII asserted pursuant to DCL §§ 275, Plaintiff is required to sufficiently allege that the debtor "intends or believes that he will incur debts beyond his ability to pay as they mature." *See id.* at 30-31 (quoting DCL § 275).  Regardless of whether Rule 9(b) applies to DCL §§ 273 and 275, both claims require Plaintiff to "plead with sufficient particularity any facts alleging that the conveyance at issue was made without 'fair consideration.'" *See RTN Networks, LLC,* 5 N.Y.S.3d at 81 (dismissing DCL §§ 273 and 275 claims for failure to sufficiently plead lack of fair consideration"); *see also Ray*, 799 F. App'x at 30-31 (explaining that "[e]ach requires a showing

that the debtor made the transfer in question without fair consideration in the presence of one of two additional circumstances." (citing DCL §§ 273, 275)).  Plaintiff again fails to do so.

In regard to Plaintiff's claim in Count VIII under DCL §§ 273 and 275, the SAC fails to plead with sufficient particularity any credible facts alleging that the conveyance at issue was made without "fair consideration".  To be sure, Plaintiff's allegations in its constructive fraudulent inducement claim regarding the fairness of the consideration for the asset purchase are purely speculative and made "on information and belief" or are just bare-boned and conclusory.  *See* SAC ¶¶ 163-186, 261-265.  Further, even if Plaintiff's conclusory allegations that the patents were worth more than Industries paid for them were true, *see* SAC ¶¶ 163-166,  Plaintiff nevertheless fails to plausibly allege that Industries did not pay fair consideration given the pendency of this lawsuit.

Moreover, Plaintiff's allegation that Industries paid less than fair consideration cannot possibly be substantiated because there is (and was at the time Industries purchased Systems' assets) a dispute about title to the patents.  Thus, not only is the actual value of the patents irrelevant due to Plaintiff's pending lawsuit, which obviously substantially and materially decreased the value of Systems' assets at the time of the purchase, but Industries also probably paid significantly more consideration than it should have paid for its purchase of Systems' assets due to the risk of litigation.  Plaintiff's conclusory allegations and mere belief that the asset transfer was without fair consideration is plainly insufficient as a matter of law.  *See, e.g., Ray*, 799 F. App'x at 30-31; *RTN Networks, LLC*, 5 N.Y.S.3d at 81.

In addition to the allegations being made on information and belief, Plaintiff's allegations regarding Systems (i) being insolvent or rendered insolvent by the transfer, (ii) having unreasonably small capital, and (iii) intending or believing it would incur debts it could not pay are merely threadbare recitals of the elements of a constructive fraud claim and are wholly

14

unsupported by any actual facts. *See* SAC ¶¶ 162-186, 249-256. In fact, Plaintiff concedes as much by also alleging that Systems actually received around a quarter of a million dollars from Industries due to the asset purchase and sale. *See* SAC ¶ 162. Because Plaintiff has failed to allege any actual facts to support its baseless allegations, Plaintiff has failed to adequately plead a claim under either DCL § 273 or § 275. *See Ray*, 799 F. App'x at 31 (affirming the district court's dismissal of the plaintiff's constructive fraudulent conveyance claim under both DCL §§ 273 and 275 for insufficiently pleading the absence of fair consideration); *RTN Networks, LLC*, 5 N.Y.S.3d at 81(same).

Additionally, it is worth reiterating that Plaintiff's allegations of fraudulent conveyance are not even based on any firsthand knowledge, making them even more baseless. Indeed, the allegations of fraudulent conveyance in the SAC <u>merely parrot</u> the allegations of fraudulent conveyance set forth in a different case from the U.S. District Court for the Eastern District of New York that settled out of court prior to the filing of responsive pleadings or any determination on the merits. *See* Second Amended Complaint, ¶¶ 46-72, 111-118, 120-128, *Runs Like Butter Inc. d/b/a ButterflyMX, v. MVI Systems LLC, et al.*, No. 19-cv-2432, 2019 WL 7822670 (E.D.N.Y.).[6] At bottom, the SAC is devoid of any <u>actual</u> facts of fraud upon which Plaintiff's beliefs are founded, making Plaintiff's allegations based on information and belief "irresponsible speculation." *See Cargo Partner* AG, 207 F.Supp. 2d at 116.

Finally, because Plaintiff's claims under DCL §§ 276-a and 279 are dependent on the viability of Plaintiff's claims under DCL §§ 273, 275 and 276, Plaintiff's claims in Counts VII and VIII brought under DCL §§ 276-a and 279 should likewise be dismissed. *See, e.g., Carlyle, LLC*

---

[6] The Court may take judicial notice of the pleadings in *Runs Like Butter Inc. d/b/a ButterflyMX, v. MVI Systems LLC, et al.* without transforming Industries' Motion to Dismiss into one for summary judgment. *See* FN2, *supra*.

*v. Quik Park 1633 Garage LLC*, 75 N.Y.S.3d 139, 141 (1st Dep't 2018) (dismissing claims brought under DCL §§ 276–a, 278, and 279 because the plaintiff's other fraudulent conveyance claims were insufficiently pleaded upon information and belief); *RTN Networks, LLC*, 5 N.Y.S.3d at 81 (noting that where a complaint fails to sufficiently allege an actual intent to defraud, a claim brought pursuant to DCL § 276–a cannot survive).

For all of these reasons, the claims in Counts VII and VIII are insufficiently pleaded. Accordingly, all of Plaintiff's fraud-based claims should be dismissed against Industries with prejudice as a matter of law.

## **CONCLUSION**

For the reasons set forth herein, the Defendant Industries respectfully requests that the SAC against Industries be dismissed in its entirety with prejudice.

Dated:  New York, New York
       May 22, 2020

                              MOSKOWITZ & BOOK, LLP

                              By:*/s/David A. Stein*
                                David A. Stein
                              345 Seventh Avenue, 21st Floor
                              New York, NY 10001
                              Tel:  (212) 221-7999
                              Email: dstein@mb-llp.com

                              *Attorneys for Defendant MVI Industries, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd of May 2020, a copy of the foregoing was served via email through the CM/ECF system on:

> Ariel Reinitz, Esq.
> FISHERBROYLES, LLP
> 445 Park Avenue, Ninth Floor
> New York, New York 10022
> Email:  Ariel.Reinitz@FisherBroyles.com
> *Attorneys for Plaintiff GateGuard, Inc.*
>
> Adam Engel, Esq.
> The Engel Law Group, PLLC
> 280 Madison Avenue, Suite 705
> New York, NY 10016
> Email:  arr@elgpllc.com
> *Attorneys for Defendants MVI Systems LLC and Samuel Taub*

/s/David A. Stein

David A. Stein