THE ENGEL LAW GROUP, PLLC
280 Madison Avenue – Suite 705
New York, NY  10016
(212) 665-8095
aee@elgpllc.com
*Attorneys for Defendants MVI Systems and Samuel Taub*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GATEGUARD, INC.,<br><br>                    Plaintiff,<br><br>- against -<br><br>MVI SYSTEMS LLC; SAMUEL TAUB; and MVI INDUSTRIES, LLC<br><br>                    Defendants. | Civil Action No.:  19-cv-02472 (RA)<br><br>**DECLARATION OF ADAM ENGEL IN SUPPORT OF DEFENDANT MVI SYSTEMS LLC'S AND SAMUEL TAUB'S MOTION TO DISMISS**<br><br>ORAL ARGUMENT REQUESTED |

Adam Engel, an attorney duly admitted to the Bar of the United States District Court for the Southern District of New York, hereby declares as follows:

1. I am over 18 years of age, have no personal interest in this lawsuit, and have personal knowledge of the facts set forth herein.  I am a principal at The Engel Law Group, PLLC, attorneys for Defendants MVI Systems LLC and Samuel Taub, and submit this Declaration in support of their Motion to Dismiss the Second Amended Complaint in this action.

2. Attached hereto as Exhibit A is a true and correct copy of the Initial Disclosures served by GateGuard on my clients or about July 3, 2019 in connection with this action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Bondville, Vermont
           May 22, 2020

_____
Adam E. Engel

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GATEGUARD, INC.,

    *Plaintiff*,

v.

MVI SYSTEMS LLC;
SAMUEL TAUB,

    *Defendants*.

Civil Action No. 1:19-cv-02472-RA

### INITIAL DISCLOSURES OF PLAINTIFF GATEGUARD, INC.

Plaintiff GateGuard, Inc. ("GateGuard") hereby makes the following initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

GateGuard's disclosures are based on investigation and discovery of the facts and circumstances related to the claims in this litigation as of the date herein. GateGuard's investigation and discovery in this action are continuing. GateGuard reserves the right to amend, supplement, or modify these disclosures, as appropriate. GateGuard reserves the right to call any witness or present any exhibit or item at trial not listed here but identified through discovery, investigation, or otherwise. GateGuard also reserves all objections regarding the use of these Initial Disclosures for any purpose.

GateGuard is not disclosing documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. GateGuard does not intend these disclosures to constitute a waiver or limitation on any of its privileges, immunities, or other rights, including (1) the right to object on the grounds of competency, privilege, relevance, and materiality, hearsay, or any other proper grounds; (2) the right to object

to the use of any such information, for any purpose, in whole or in part, in any subsequent proceedings in these actions or any other action; and (3) the right to object, on any and all grounds (including on the grounds of burden or proportionality), to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. In addition, to the extent any materials referenced herein contain confidential or proprietary information as reasonably determined by GateGuard, GateGuard reserves the right to withhold such materials from production until the parties have executed a protective order which is satisfactory to GateGuard and has been entered by the Court.

By making these disclosures, GateGuard does not represent it is identifying every document, tangible thing, or witness possibly relevant to all issues that may eventually be raised. GateGuard's disclosures represent a good faith effort to identify information it reasonably believes is required to be disclosed pursuant to Rule 26(a)(1).

Subject to the foregoing objections and qualifications, GateGuard makes the following Initial Disclosures.

**I. Rule 26(a)(1)(A)(i):** The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

In addition to the named Defendants, GateGuard identifies the following individuals as the persons who may have discoverable information supporting GateGuard's claims, excepting from this disclosure any information possessed by any individual that GateGuard may use solely for impeachment.

    Ari Teman
    CEO, GateGuard
    5 Penn Plaza #2372,
    New York, NY 10001
    212-203-3714

<u>Subject of information</u>: GateGuard's technical and business development, GateGuard's operations; GateGuard's interactions with the named Defendants.

Jeff Katz
c/o GateGuard
5 Penn Plaza #2372,
New York, NY 10001
212-203-3714
<u>Subject of information</u>: GateGuard's technical and business development, GateGuard's operations.

Viktor Kaninets
c/o GateGuard
5 Penn Plaza #2372,
New York, NY 10001
212-203-3714
<u>Subject of information</u>: GateGuard's technical development.

Arya Xu
c/o GateGuard
5 Penn Plaza #2372,
New York, NY 10001
212-203-3714
<u>Subject of information</u>: GateGuard's technical development.

All individuals identified in the documents produced by the parties in this matter.
<u>Subject of information</u>: Presently unknown; generally the parties' claims and defenses.

Experts identified by the parties.
<u>Subject of information</u>: Damages and other information related to the parties' claims and defenses.

This information reflects GateGuard's current understanding and knowledge of the relevant facts and is subject to change as investigation into this case continues. GateGuard reserves the right to supplement these disclosures as the case progresses and/or from information gathered in connection with discovery. GateGuard reserves the right to call any and all additional fact witnesses revealed during investigation or discovery that have relevant information regarding this lawsuit.

**II. Rule 26(a)(1)(A)(ii):** A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

All documents, electronically stored information, and tangible things in the GateGuard's possession, custody, or control that GateGuard may use to support its claims or defenses are located at 5 Penn Plaza #2372, New York, NY 10001, or at off-site storage locations that can be accessed from these facilities, and will be disclosed in accordance with the Federal Rules of Civil Procedure, the Local Rules of this District, any order of the Court, and any agreement of the parties.

GateGuard is currently aware of the following categories of documents, electronically stored information, and tangible things in its possession, custody, or control that it may use to support its claims or defenses in this lawsuit, unless solely for impeachment.

- Documents and materials concerning GateGuard's technical development
- Documents and materials concerning GateGuard's business development
- Documents and materials concerning GateGuard's operations
- Communications between Teman and the named Defendants

By including any source herein, GateGuard does not concede that the information is in fact relevant, discoverable, or admissible, and GateGuard reserves all objections as to relevance, burden, proportionality, admissibility, and otherwise. GateGuard does not waive their right to withhold production of any document in its possession that is protected by the attorney-client privilege, the work product doctrine, or any other claim of privilege or immunity, or where production of such a document would be otherwise unlawful or prohibited. This information reflects GateGuard's current understanding and knowledge of relevant facts and is subject to change.

**III. Rule 26(a)(1)(A)(iii):** A computation of damages:

Without waiving its right to supplement this disclosure during discovery, and subject to expert testimony, the damages known to date are those asserted and detailed in GateGuard's First Amended Complaint, including compensatory damages, in addition to any damages allowed by law, including without limitation exemplary damages, punitive damages, civil penalties, and fees, costs, and disbursements, including reasonable attorneys' fees; permanent or temporary injunctive relief and declaratory relief; and other, further, or different relief as the Court deems just and reasonable.

**IV. Rule 26(a)(1)(A)(iv):** Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

GateGuard is unaware of any applicable insurance agreements.

New York, NY
July 3, 2019

                */s/ Ariel Reinitz*
                Ariel Reinitz
                FISHERBROYLES, LLP
                445 Park Avenue, Ninth Floor
                New York, NY 10022
                (646)494-6909
                Ariel.Reinitz@FisherBroyles.com
                *Attorneys for Plaintiff*
                *GateGuard*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, I served by electronic mail a true and correct copy of the foregoing Initial Disclosures upon counsel for all parties.

> */s/ Ariel Reinitz*
> Ariel Reinitz