UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GATEGUARD, INC.,<br><br>                             Plaintiff,<br><br>- against -<br><br>MVI SYSTEMS LLC; SAMUEL TAUB; and MVI INDUSTRIES, LLC<br><br>                             Defendants. | Civil Action No.:  19-cv-02472<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

**WHEREAS**, all of the parties to this action (collectively, the "Parties" and each a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The Party or person producing or disclosing Discovery Material (each a "Producing Party") may designate as "Confidential" or "Confidential-Attorneys' Eyes Only" only the portion of such material that it reasonably and in good faith believes consists of confidential or proprietary information, including without limitation:

   a.   financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);
   b.   material relating to ownership or control of any non-public company;
   c.   business plans, product-development information, or marketing plans;
   d.   information regarding confidential or proprietary business or technical

1

information, including relating to customers, vendors, partners, investors, trade secrets and patents, and also including information that may not otherwise be entitled to legal protection;

e. any information of a personal or intimate nature regarding any individual; or

f. any other category of information given confidential status by this Court after the date of this Order.

3.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, addressed below, the Producing Party or its counsel may designate such portion as "Confidential" or "Confidential-Attorneys' Eyes Only" by (a) stamping or otherwise clearly marking as "Confidential" or "Confidential-Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted, as requested by the receiving party.

4.    A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential" or "Confidential-Attorneys' Eyes Only" Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential-Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated "Confidential" or "Confidential-Attorneys' Eyes Only" as the case may be.

5.    If at any time before the termination of this action a Producing Party realizes that it should have designated as "Confidential" or "Confidential-Attorneys' Eyes Only" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "Confidential" or "Confidential-Attorneys' Eyes Only," as the case may be.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Confidential-Attorneys' Eyes Only" designation within five business days of providing such notice.

6.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.    Where a Producing Party has designated Discovery Material as "Confidential" other persons subject to this Order may disclose such information only to the following persons:

a. the Parties to this action, their insurers, and counsel to their insurers;

b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

g. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

h. stenographers engaged to transcribe depositions the Parties conduct in this action; and this Court, including any appellate court, its support personnel, and court reporters, subject to the sealing provisions herein.

8. Where a Producing Party has designated Discovery Material "Confidential – Attorneys' Eyes Only," other persons subject to this Order may not disclose such information to any Party, notwithstanding the exceptions itemized below, and may disclose such information only to the following persons:

a. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

b. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

c. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

d. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e. stenographers engaged to transcribe depositions the Parties conduct in this action; and this Court, including any appellate court, its support personnel, and court reporters, subject to the sealing provisions set forth herein

9. Before disclosing any Confidential Discovery Material to any person referred to in Paragraph 7 above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. This Order binds the Parties and certain others to treat as "Confidential" or "Confidential-Attorneys' Eyes Only" any Discovery Materials so classified. The Court

has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

11.	In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.  Any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying – on a particularized basis – the sealing of such documents.

12.	Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with the Court's Individual Rules & Practices.

13.	Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14.	Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.	Each person who has access to Discovery Material designated as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.	Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material

remain subject to this Order.

       17.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

       18.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED:**

**THE ENGEL LAW GROUP, PLLC**

By: _____      Date: August 31, 2020
      Adam E. Engel                  _____

280 Madison Avenue – Suite 705
New York, NY 10016
(212) 665-8095
Attorneys for Defendants MVI Systems and Samuel Taub

**FISHERBROYLES, LLP**

By: _/s/ Ariel Reinitz_____      Date: _August 28, 2020__
      Ariel Reinitz
445 Park Avenue, Ninth Floor
New York, NY 10022
(646)494-6909
Attorneys for Plaintiff GateGuard

**MOSKOWITZ & BOOK, LLP**

By: _____      Date: 31 August 2020
      David A. Stein

345 Seventh Avenue, Fl. 21
New York, NY 10001
(212) 221-7999
dstein@mb-llp.com
Attorneys for Defendant MVI Industries, LLC

**SO ORDERED:**    09/14/2020

_____
DEBRA FREEMAN, U.S.M.J.

> The proposed Protective Order is adopted, with the following modifications: (1) Any party that seeks to file Confidential Discovery Material under seal shall electronically file a letter motion seeking leave to file a document under seal on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the SDNY Electronic Case Filing Rules and Instructions. The letter motion itself shall be filed in public view, should explain the reasons for seeking to file the document under seal, and should not include confidential information. The proposed sealed document shall be separately and contemporaneously filed under seal on ECF and electronically related to the motion. (2) Any application to maintain the confidentiality of documents or information at trial shall be made to the trial judge, in advance of trial.

**EXHIBIT A**

## AGREEMENT

## SUBJECT TO COURT ORDER – NON-COMPLIANCE SUBJECT TO SANCTIONS

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as "Confidential" or "Confidential – Attorneys' Eyes Only."

I have been informed that any such documents or information labeled "Confidential" or "Confidential – Attorneys' Eyes Only" are confidential and protected from further disclosure by Order of the Court, and I have received and reviewed that Court Order.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____

Signed: _____
       (print name)

Signed in the presence of: _____
                (Attorney)