# THE ENGEL LAW GROUP, PLLC

280 Madison Avenue – Suite 705
New York, NY 10016

Telephone: (212) 665-8095          Email: aee@elgpllc.com          Facsimile: (888) 364-3564

February 12, 2021

**BY ECF**

Hon. Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street – Room 1320
New York, NY 10007

    Re:    *GateGuard, Inc. v. MVI Systems LLC, et al.* (19-cv-2472)
            Opposition to Plaintiff's Request for Leave to File Sur-Reply (Dkt. #156)

Dear Judge Cronan,

I represent the three Defendants in this action, and write today to oppose Plaintiff's request for leave to file a sur-reply in further opposition to Defendants' Motions to Compel Arbitration or, in the Alternative, Dismiss on Substantive Grounds (Dkt. ##118, 119).

While Plaintiff accuses the Defendants of "sandbagging" Plaintiff, this accusation is completely unfounded because every one of the arguments Defendants raise in their reply brief is a direct response to Plaintiff's arguments in opposition and Plaintiff's reliance on terms that either have no relevance or that would not be honored by any Delaware court.

Plaintiff complains that Defendants unfairly raised their unconscionability argument for the first time in their reply brief. This is wrong on the facts and the law.

First, Plaintiff has misconstrued the purpose of reply papers, which is, as the name suggests, to reply to arguments raised in the other party's opposition papers. *See, Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party."); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495-96 (S.D.N.Y. 1990) ("Travelers' request to file a sur-reply memorandum is simply not warranted under the circumstances. Travelers contends that sur-reply papers are justified since defendants' reply papers address numerous issues for the first time. Such an argument, however, misconstrues the very purpose of reply papers. The moving party may address in his reply papers new issues raised in the opposition papers . . . [and] [a]lthough defendants' reply papers addressed issues not raised in its moving papers, each point in the reply brief directly responds to an issue raised in Travelers' opposition papers."); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991) "the MacDonald reply affidavit responds to matters placed in issue by Litton in its opposition brief and does not spring upon Litton new reasons for the entry of summary judgment."); *In re Old CarCo LLC*, 454 B.R. 38, 44 (Bankr. S.D.N.Y. 2011) ("Here, the issues addressed in the surreply were not first raised in the reply.

Rather, the arguments in the reply were responses by the Daimler Entities to issues raised by the Trust in its opposition papers.").

In their opening briefs, the Defendants took the position that the arbitration clause in GateGuard's Dispute Resolution Policy mandates that the entirety of this case must be sent to the arbitrator to determine arbitrability and that this entire case should and will remain with the arbitrator because all of Plaintiff's claims are arbitrable under Plaintiff's own policy. Def. MOL (Dkt. #120) at pp. 2-6. In reply, this remains Defendants' principal argument. Def. Reply MOL (Dkt. #154) at pp. 2-7.

In opposition to Defendants' argument, Plaintiff argued that (a) certain terms in GateGuard's Dispute Resolution Policy create a "carve-out" relating to claims for injunctive relief (Pl. Opp. (Dkt. #149) at p.43) and (b) certain terms in GateGuard's Dispute Resolution Policy create a one-sided "opt-out" right for GateGuard at its sole discretion (Pl. Opp. at p.45, n.23).

In direct response to these arguments, Defendants argued on reply that (a) there is no "carve-out" that applies here and (b) even if there were, any provision that gives one party the right to escape arbitration (or court) in unfavorable situations, while the other party cannot do so, is unconscionable under Delaware law (the substantive law chosen by GateGuard). Def. Reply (Dkt #154) at pp.11-13. The same is true regarding Defendants' judicial estoppel argument, which directly addresses Plaintiff's attempt to take positions here that are diametrically opposed to positions Plaintiff has taken in other litigation. Def. Reply at 13-16.[1]

Second, the Defendants have not only expressed their view in numerous communications with Plaintiff's counsel, but also made the very same argument in their Motion to Stay Discovery based on GateGuard's Dispute Resolution Policy, and cited the same exact case that they cite in their reply brief for their motion to compel arbitration. *Cf.* Def. Stay MOL (Dkt. #138) at pp. 15-16 (*citing Worldwide Ins. Grp. v. Klopp*, 603 A.2d 788, 792 (Del. 1992)) and Def. Compel/Dismiss Reply (Dkt. #154) at p. 11 (citing the same case). Moreover, Plaintiff squarely addressed Defendants' argument in its opposition brief (filed Nov. 20, 2020) to Defendants' motion to stay, and made the same exact argument that they lay out in their letter seeking a sur-reply. *Cf.* Pl. Opp. Stay (Dkt. #140) at pp. 9-10 (relying on purported voiding provision) and Pl. Sur-reply Ltr. (Dkt. #156) (relying on same clause). As such, Plaintiff cannot now claim that Defendants' position has come as a surprise. In any event, the lopsided nature of the terms at issue jumps off the page, and even a cursory review of Delaware law – which Plaintiff inserted into its Dispute Resolution Policy and then completely ignored – shows that such clauses are unconscionable and will not be enforced. And, as Defendants have pointed out numerous times,

---

[1] Upon review of the docket in the BCR litigation, the Defendants stipulate that the court there granted GateGuard's adversary's motion to set aside the default on GateGuard's motion to compel arbitration, but it remains true that GateGuard successfully pressed this opposite position in another litigation and continues to do so now, as its motion to compel is now before the court on the merits.

Judge Cronan<br>
February 12, 2021<br>
Page 3 of 3

the provision calling for application of Delaware law was drafted and inserted by GateGuard, and is not gleaned from material outside of Defendants' original motion and moving papers.

The only new argument raised is the one proposed by Plaintiff in its request for a sur-reply, where Plaintiff seeks to rely on a "voiding" clause that purportedly undermines Defendants' motions to compel arbitration, which language would not be honored by any Delaware court for the same reason as GateGuard's other unilateral and lopsided terms. And this language, like everything else Plaintiff raises now, was drafted by GateGuard itself and cannot come as a surprise to Plaintiff.

The Defendants respectfully submit that the Court already has more than enough briefing on this matter, and that, in any event, Plaintiff's Feb. 9 letter adequately addresses any issues it might argue on sur-reply. The Court should decide the Defendants' motions as submitted.

Respectfully Submitted,

Adam E. Engel<br>
*Counsel for Defendants*<br>
*MVI Systems, Samuel Taub*<br>
*and MVI Industries*

Cc:   All Counsel of Record by ECF