# THE ENGEL LAW GROUP, PLLC

280 Madison Avenue – Suite 705
New York, NY  10016

Telephone: (212) 665-8095          Email: aee@elgpllc.com          Facsimile: (888) 364-3564

July 13, 2021

**BY ECF**

Hon. Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    *GateGuard, Inc. v. MVI Systems LLC, et al.* (19-cv-2472)
>          Update on Discovery Report and Response to Court's July 6 Order (Dkt. #166)

Dear Judge Freeman,

On behalf of the Defendants in the above-referenced action, I write today to provide the Defendants' version of the Court-ordered joint discovery report, which has been delayed several times, and to explain those delays.  I have been reluctant to bring these issues to the Court's attention – hoping they would be resolved – but the Court's recent interim Order on my clients' Motion to Stay Discovery (the "Discovery Motion") has forced my hand (Dkt. #166), and I cannot continue to put my clients' interests at risk in the name of cooperation with a party that seems intent on undermining my clients' Discovery Motion by running out the clock on the joint discovery report.

As the Court recently noted in its July 6 Order, the Court held a hearing on the Discovery Motion in April, and ordered the parties to come up with a joint discovery plan moving forward, and then jointly compile and submit a report to the Court detailing what discovery had taken place, what remained to be done, and how each aspect of discovery related to the issues and claims in the case.  The purposes of this report, as I understood from the Court's Order, was (a) to provide the Court with an understanding of what, exactly, the Court would be staying if the Court granted the Discovery Motion in full or in part (b) to address whether it would make sense to have some discovery continue while awaiting Judge Cronan's decision and (c) to ensure that the parties were prepared to efficiently and timely engage in whatever discovery was left after Judge Cronan's forthcoming decision.  While I believe the Court was abundantly clear about what the Court wanted, and why, the Plaintiff does not seem to agree and I have been unable to convince Plaintiff's counsel otherwise.

During that same conference in this case in April, the Court granted our oral motion to quash or stay enforcement of the subpoenas that GateGuard had issued in this case, agreeing that those subpoenas were directed at claims that have already been dismissed by Judge Abrams (on a previous motion to dismiss), and that focusing on the areas covered by those subpoenas was inconsistent with Your Honor's directive for the parties to "back-burner" discovery regarding already dismissed claims.

Undeterred, GateGuard completely disregarded this Court's Order for a discovery plan and report, and instead pivoted to another forum and issued subpoenas to many of the same parties in another case pending in this District. *See, Gateguard v. Goldmont* (1:20-cv-01609-AJN-GWG). Specifically, in the *Goldmont* case, GateGuard subpoenaed my clients in this case – the MVI entities and their principal Samuel Taub, Joseph Soleimani (whose subpoena Your Honor stayed in this case), as well as Jacob Litchfield, an intercom/kiosk installer who has worked with MVI and, I believe, Joseph Soleimani. Like the subpoenas Your Honor stayed in this case, GateGuard's *Goldmont* subpoenas are directed solely at GateGuard's customer relationships. And, like Your Honor here, Judge Gorenstein ruled that the party discovery GateGuard was seeking regarding GateGuard's client relationships was not appropriate and beyond the scope of any claims or defenses currently part of the *Goldmont* case (6/17 Minute Order). While Judge Gorenstein did not explicitly rule on the third-party subpoenas issued to my clients, their scope materially identical to the party discovery Judge Gorenstein shut down, and I believe he will ultimately quash GateGuard's *Goldmont* subpoenas to my clients, foreclosing GateGuard's end-run around Your Honor's discovery rulings in this case.

While that is a different case, and GateGuard can raise whatever issues it likes with Judge Gorenstein, GateGuard's conduct in *Goldmont* raises two important issues for this case. First, GateGuard has shown that it will not take "no" for an answer, and will continue to abuse the discovery process and harass its perceived enemies, even in the face of unfavorable court rulings. Second, as mentioned above, GateGuard did not attend to discovery in *Goldmont* in addition to this case, but instead essentially ignored its responsibilities here and pursued discovery in *Goldmont* instead of this case.

In this case, where GateGuard is the party objecting to a stay of discovery pending a decision on our comprehensive Motion to Compel Arbitration or Dismiss, GateGuard has done virtually nothing to comply with the Court's Order for a joint discovery report.

On June 15, GateGuard agreed that since it is the Plaintiff, and that it was purportedly seeking to press forward with discovery, it would take a first crack at laying out a sensible discovery plan. Exh. A. On June 16 and June 21, GateGuard filed successive requests for extension, with my consent, and ultimately the Court set June 23 as the submission deadline. Between June 15 and June 22, I did not receive anything from GateGuard regarding this case or the Court-ordered report – no email, no phone call, no first draft – but I did receive multiple emails and multiple lengthy phone calls from GateGuard regarding the *Goldmont* case, where GateGuard is subject to no court ordered submission dates or pressing discovery deadlines.

It was not until June 23 – the twice-extended submission deadline – that I received GateGuard's first purported draft of the Court-ordered discovery report. Exh. B. In essence, GateGuard's purported discovery plan and report says nothing more than that some discovery has been issued, same documents have been produced, and some discovery remains to be done. My immediate reaction was that GateGuard's draft could not have taken more than twenty minutes to write, and that it fell far short of the Court's expectations.

| THE ENGEL LAW GROUP, PLLC<br>www.elgpllc.com | 280 MADISON AVENUE<br>SUITE 705 | (TEL) (212) 665-8095<br>(FAX) (888) 364-3564 |
|---|---|---|

Judge Freeman
July 13, 2021
Page 3 of 4

I was very frustrated that Plaintiff was essentially punting this project to me and my clients on the day it was due, and especially when I was already busy responding to GateGuard's third-party discovery in the *Goldmont* case (Exh. C, finalized and sent on June 23), and that I had an important court date in another matter on June 23 that took up a lot of my time that day. Notwithstanding these issues, I worked on the Defendants' portion of the joint report later that night and emailed it to Plaintiff's counsel at about 2am, and again expressed my view that the Plaintiff's first effort was woefully lacking.  Exh. D (Defendants' portion of draft report); Exh. A at p.8 (my email to Plaintiff's counsel).

Over the course of the next few weeks, I exchanged emails with Plaintiff's counsel regarding the joint discovery plan.  Exh. A.  I repeated multiple times that GateGuard had not fulfilled its obligations, and despite GateGuard's promise to provide an updated version (Exh. A at p.3 (Reinitz June 30 email)), GateGuard has never done so, and its contribution has remained unchanged since June 23.

Then, without a hint of irony, Plaintiff's counsel emailed me the morning after the Court issued its July 6 interim Order here, asking me to meet and confer as soon as possible . . . about the *Goldmont* case, with no mention of this case or the Court's Order.

Moreover, during the April conference, I explained – and Plaintiff's counsel acknowledged – that, unlike Defendants, Plaintiff had not at that time produced a single document in response to a single document request from the Defendants (Your Honor ordered Plaintiff to immediately produce the purported contract on which its case rests, and it did so a month later).  Your Honor correctly noted that Plaintiff was "trying to have its cake and eat it, too," and that Plaintiff had done nothing to help its purported position that discovery proceed.  Inexplicably, the same is true today – as explained more fully in our draft discovery plan (Exh. D) – Plaintiff has still not produced a single document in discovery in this case.

While I know these types of disputes are frustrating and exhausting for the Court, this is especially so for my clients, who have had to expend tens of thousands of dollars on legal fees responding to GateGuard's obstinacy and one-way-street approach to discovery, and who have nothing to show for it but endless demands from Plaintiff coupled with Plaintiff's boilerplate responses to the Defendants' own discovery requests.

I therefore must respectfully submit that, in addition to all the reasons set forth in the Defendants' Discovery Motion, Plaintiff's conduct has repeatedly shown that it has no interest in holding up its end of the actual work needed to conduct useful and meaningful discovery, and that discovery in this case will continue to be problematic and overly complicated and expensive. As such, GateGuard has no standing to insist that discovery proceed in this case, and in any event the Plaintiff has recently expressed an interest in staying discovery (Exh. D).  And, while I understand that the Court has its own interest in keeping cases moving along, I humbly surmise that it must be clear to the Court by now that it is in everyone's interest to have the parties continue to prepare for any forthcoming discovery in this Court, including as laid out in our

Judge Freeman
July 13, 2021
Page 4 of 4

portion of the draft report (Exh. D (e.g. preparing lists and order of deponents)), but otherwise hold off until we get direction via Judge Cronan's forthcoming decision.

I would be happy to stand on our portion of the draft discovery plan and report, or update it with more detail as directed by the Court, and then submit a motion letter tying our Discovery Motion to that report (as suggested by the Court), but my clients have suffered enough disruption and expense already, and all they are ultimately asking is that their rights be preserved and that Plaintiff abide by its own agreement and arbitrate this case.

Respectfully Submitted,

Adam E. Engel
*Counsel for Defendants*
*MVI Systems, Samuel Taub*
*and MVI Industries*

Cc:     All Counsel of Record by ECF

THE ENGEL LAW GROUP, PLLC
www.elgpllc.com

280 MADISON AVENUE
SUITE 705

(TEL) (212) 665-8095
(FAX) (888) 364-3564

EXHIBIT A

**aee@elgpllc.com**

| | |
|---|---|
| **From:** | Adam Engel <aee@elgpllc.com> |
| **Sent:** | Thursday, July 1, 2021 12:35 PM |
| **To:** | Ariel Reinitz |
| **Cc:** | DAVID STEIN; Adam Engel |
| **Subject:** | Re: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472 |

Ariel -

Where is GateGuard's portion of the joint submission, which is already late to the Court?

GateGuard agreed to produce documents responsive to two document requests, which I can dig up later, but yes, the essence of our initial focus was on the communications between Teman and Taub, including as described in the complaint(s).

But otherwise we believe it still makes sense to stipulate to a stay of discovery until Judge Cronan issues a ruling.  And to be clear we have never "refused" to cooperate in discovery, but to the contrary we have been forthright about our position since the beginning, and have filed a duly noticed and fully briefed motion seeking the relief that we want and that we think is most appropriate in this case.

Best,
Adam

The Engel Law Group
280 Madison Ave - Suite 705
New York, NY 10016
(212) 665-8095
linkedin.com/in/adamengelesq

On Thu, Jul 1, 2021, 12:24 PM Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com> wrote:

> Adam – I have confirmed (multiple times) that I agree we should complete the previously negotiated document exchange. I have also asked you (multiple times) to confirm the documents you are asking us to produce under this agreement. Is it all communications between Taub and Teman?
>
>
>
> **Ariel Reinitz**
>
> Partner
>
>
> _____
>
> **FisherBroyles, LLP**
>
> direct:  +1.646.494.6909
>
> ariel.reinitz@fisherbroyles.com

[www.fisherbroyles.com](www.fisherbroyles.com)

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** aee@elgpllc.com <aee@elgpllc.com>
**Sent:** Wednesday, June 30, 2021 6:45 PM
**To:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Cc:** 'DAVID STEIN' <dstein@mb-llp.com>; 'Adam Engel' <aee@elgpllc.com>
**Subject:** RE: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

Ariel –

I really don't see how you can think that Judge Freeman did not order us to submit a discovery plan – even the clerk's email you reference below reiterates that the Court wants to know what discovery remains to be done (aka a discovery plan).

I also don't understand why you are asking us whether we want to proceed with discovery while waiting for Judge Cronan's decision, since we have fully briefed our motion to stay.  The only thing I mentioned was that we think that GateGuard should honor its side of our previously negotiated exchange of some initial documents, given that we have produced everything relating to ABJ/Soleimani save for a handful of attachments that are not relevant one way or another.  If GateGuard will agree to live up to its end of the bargain, I can hunt down those few attachments and produce them, and reiterate the core documents we asked for and GateGuard agreed to produce, but I am not going to cross every T and dot every I (again, to no one's material benefit) if GateGuard is not willing to do anything.

In any event, those concerns are secondary to the primary issue of GateGuard not putting any effort whatsoever into mapping out a discovery plan.  Judge Freeman was absolutely clear that she wants to know what she is staying, and what the plan is to get discovery completed in a timely fashion on whatever remains of the case, if anything, after Cronan decides our motion.  Telling her nothing more than that some discovery has been issued, and that some discovery has been completed, while some still remains, is not what she asked us to submit – multiple times.  GateGuard is the plaintiff in this case, and after all this time ought to have some thoughts about how it wants to proceed with discovery.  Also, there are several concrete steps that we could take, as I described in my portion of the letter (and I believe during the last conference with Judge Freeman) (and I during my last phone call with you) , including getting out Notices of Deposition that would reduce any wait time that we might otherwise encounter on the other side of Judge Cronan's decision, while not delving into substantive discovery and preserving the parties' rights, including our motion for a stay.

Please, provide GateGuard's side of the joint submission, including at least some basic details about how GateGuard would like to proceed.  And, in the meantime, please submit another letter to Judge Freeman explaining that we are still working on the joint submission.


Best,

Adam


The Engel Law Group, PLLC

280 Madison Avenue – Suite 705

New York, NY 10016
(212) 665-8095
aee@elgpllc.com


[www.linkedin.com/in/adamengelesq/](www.linkedin.com/in/adamengelesq/)

---

**From:** Ariel Reinitz <[Ariel.Reinitz@fisherbroyles.com](mailto:Ariel.Reinitz@fisherbroyles.com)>
**Sent:** Wednesday, June 30, 2021 11:39 AM
**To:** Adam Engel <[aee@elgpllc.com](mailto:aee@elgpllc.com)>
**Cc:** DAVID STEIN <[dstein@mb-llp.com](mailto:dstein@mb-llp.com)>
**Subject:** RE: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472


Hi Adam – I can forward an updated draft later today but still need input from you on several items:


   1. **Can you confirm Defendants' position re: conducting discovery while awaiting Judge Cronan's decision?** See my June 25 email (below).


   2. **Can you specify the documents you are asking us to produce [to complete the agreed-upon document exchange]? Is it all communications between Taub and Teman?** See my June 23 email (below).

While I don't recall Judge Freeman asking for a "discovery plan" (see email from her chambers, below) I don't object to including one. I also don't recall having significant concerns with the plan we previously discussed, beyond wanting to ensure the parties were working on comparable timeframes.

Re: the stay, I'm not "withdrawing" the offer but I am asking you to confirm whether the premise under which I made it (i.e., that Defendants will not cooperate in conducting any discovery before Judge Cronan's ruling) is correct.

Please get back to me re: items 1 and 2 (above) so we can wrap this up.

Thanks,

Ariel

**Ariel Reinitz**

Partner

_____

**FisherBroyles, LLP**

direct:  +1.646.494.6909

ariel.reinitz@fisherbroyles.com

www.fisherbroyles.com

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Adam Engel <aee@elgpllc.com>
**Sent:** Monday, June 28, 2021 12:42 PM
**To:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Cc:** Adam Engel <aee@elgpllc.com>; DAVID STEIN <dstein@mb-llp.com>
**Subject:** Re: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

Ariel -

I know what your position is and has been, but the other day you offered to stipulate to a stay of discovery pending Cronan's decision.  I of course agreed, but have noted that we held up our end of the deal with ABJ-Seimani, and GateGuard has still not produced a single document, including the handful that it agreed to produce as step one (in exchange for ABJ-Soleimani docs), and that GateGuard should fulfill its obligations notwithstanding a stay of remaining discovery.  GateGuard's and your constant laments that MVI never cooperates in discovery rings extremely hollow given that it took a court order just for GateGuard to produce the contract on which it has sued - and even then it took a month - and that GateGuard has otherwise produced nothing and has issued another obviously deficient set of initial disclosures (including in ways already identified by the Court).  So, please just let me know if GateGuard is withdrawing from its agreement to a stay or will stand by it, and either way we can discuss finishing step one as discussed above.

More importantly, GateGuard has still utterly failed to provide its view of a sensible discovery plan.  As I said, I can tone down the "advocacy" in short order, but the basics of my proposed plan remain the same unless and until I get some feedback from GateGuard.  The report is court-ordered, and we have done our end - please do yours so we can discuss and get the report submitted.  GateGuard's delay is especially problematic because I wanted to get it in last week because I am now on a short vacation through tomorrow and will have very limited time to address it.  So, please submit a quick status letter to the Court so we can avoid this turning into a problem - please ask for this Friday since the Court wants us to discuss specifics and come up with a joint plan, and I can work on this starting Wednesday.

Thanks,

Best,
Adam

The Engel Law Group
280 Madison Ave - Suite 705
New York, NY 10016
(212) 665-8095
linkedin.com/in/adamengelesq

On Fri, Jun 25, 2021, 6:39 PM Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com> wrote:

> Adam – Our position has been (and remains) that discovery should move forward. I proposed stipulating to a stay based on my impression that Defendants simply would not cooperate in conducting any further discovery until Judge Cronan ruled on their motion(s). Your most recent letter suggests otherwise. **Can you confirm Defendants' position re: conducting discovery while awaiting Judge Cronan's decision?** If my impression was incorrect (and Defendants will cooperate in conducting discovery), perhaps a stay is unnecessary. Or perhaps a partial stay would be more appropriate (as we discussed a while back).

> **Ariel Reinitz**

> Partner

_____

**FisherBroyles, LLP**

direct:  +1.646.494.6909

ariel.reinitz@fisherbroyles.com

www.fisherbroyles.com

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** aee@elgpllc.com <aee@elgpllc.com>
**Sent:** Thursday, June 24, 2021 2:28 PM
**To:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Cc:** 'Adam Engel' <aee@elgpllc.com>
**Subject:** RE: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

Ariel –

If we are agreed on asking for a stipulated stay, I can revisit my side of the draft and reduce the advocacy, so please confirm.

Also, please go ahead and beef up your side so that Judge Freeman sees that we have a plan once Judge Cronan issues his decision.

Thanks,

Best,

Adam

The Engel Law Group, PLLC
280 Madison Avenue – Suite 705

New York, NY 10016
(212) 665-8095
aee@elgpllc.com

www.linkedin.com/in/adamengelesq/

---

**From:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Sent:** Thursday, June 24, 2021 8:15 AM
**To:** aee@elgpllc.com
**Subject:** RE: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

Thanks, Adam. In my initial draft I tried to focus on 'what' had transpired (and is expected to transpire) in discovery. I intentionally avoided questions of 'why' for several reasons (including because the Court seems uninterested in them).

From a quick review it looks like you included considerable discussion of 'why' and other advocacy re: substantive issues in the case and your positions re: the sufficiency of various responses, etc. I maintain much of this is irrelevant for what Judge Freeman asked for (see email from her chambers below). But there are two sides to every story and we are not without considerable gripes re: Defendants' conduct in discovery to date.

It is, of course, your prerogative to draft your portion of the submission as you see fit. But, as currently drafted, I have no choice but to update my side of the letter to recount our view of Defendants' lack of cooperation in discovery. If you are open to 'scaling back' your side of the letter, let me know. Otherwise I'll update my section accordingly.

Thanks,

Ariel

**Ariel Reinitz**

Partner

_____

**FisherBroyles, LLP**

direct:  +1.646.494.6909

ariel.reinitz@fisherbroyles.com

www.fisherbroyles.com

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** aee@elgpllc.com <aee@elgpllc.com>
**Sent:** Thursday, June 24, 2021 2:21 AM
**To:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Cc:** 'Adam Engel' <aee@elgpllc.com>
**Subject:** RE: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

Ariel –

As I said in my previous email, I think the joint discovery letter you sent earlier today was not very close to what the Court ordered us to submit.  Attached is a version with the Defendants' position, which I think is closer, but still probably not as detailed as she is expecting.  I noted in my portion that you and I have work to do to prepare a more fleshed-out discovery plan, and that we will continue to do so – hopefully that will work for now.

For example, I note that Plaintiff's amended initial disclosures are now analogous to a "document dump" and just list every possible witness rather than witnesses Plaintiff might actually rely on.  In any event, and putting aside the minutia of what may be required under Rule 26, I think you and I should just cooperatively identify the most important witnesses on each discovery/trial topic, and get a list of deponents laid out, and a rough idea of what order their depositions should go in, and what areas of document discovery need to be completed before setting hard dates for their depositions.

Even if we end up in arbitration – and I believe we will – these will most likely be the same people each side will call as witnesses, so the planning will not be wasted.

Lastly, let's finalize this week what we can agree to finish up notwithstanding the stay of discovery you said GateGuard has consented to – the ABJ attachments, etc., and the Plaintiff documents we have discussed, and get in a stipulation to the Court, which, of course, she may or may not sign.

Best,

Adam


The Engel Law Group, PLLC
280 Madison Avenue – Suite 705

New York, NY 10016
(212) 665-8095
aee@elgpllc.com


www.linkedin.com/in/adamengelesq/


---

**From:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Sent:** Wednesday, June 23, 2021 12:38 PM
**To:** aee@elgpllc.com
**Subject:** RE: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472


Thanks, Adam – see my comments in-line below in **RED** and let me know if you want to discuss.


**Ariel Reinitz**

Partner

_____

**FisherBroyles, LLP**

direct:  +1.646.494.6909

ariel.reinitz@fisherbroyles.com

www.fisherbroyles.com


The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** aee@elgpllc.com <aee@elgpllc.com>
**Sent:** Wednesday, June 23, 2021 11:43 AM
**To:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Cc:** 'Adam Engel' <aee@elgpllc.com>
**Subject:** RE: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

Ariel –

Thanks.  From what I understand, this is far too general and vague for what she asked for.  However, if we are going to stipulate to a stay pending Judge Cronan's decision, as discussed last week, maybe she will not need much more than this.

As for the stay, we agreed to an initial exchange of documents (see attached), with our side producing all ABJ documents, and GateGuard producing documents related to the alleged interactions between Teman and Taub.  This was a significant trimming down of what we had proposed (see attached highlighted document requests), which asked for nothing more than documents that evidenced the communications that GateGuard alleged in its own complaint.  We made our full production, including curing several rounds of purported deficiencies, etc.

**[ARIEL: I don't believe all the deficiencies we raised were cured (see attached email you just forwarded, <mark>highlighted sections on p. 3-4</mark>). If you want to 'close out' this issue (which is our preference and seems to be yours), we will need these documents. We will also need a few missing images from the produced WhatsApp chats (just a handful). I can identify them for you later today.]**

GateGuard, however, still has not produced a single document other than the contract that the Court (Freeman) ruled is "integral" to the Complaint and specifically ordered GateGuard to produce.  Given that what we were seeking, and what GateGuard agreed to produce, are the essential documents concerning all of GateGuard's trade secrets and patent claims **[Not entirely sure what this means or is referring to (either way, I likely disagree with the assertion).]**, I think it still makes sense to finish our exchange and have those documents out on the table notwithstanding the stay.

**[I agree with your conclusion. Can you specify the documents you are asking us to produce? Is it <u>all communications between Taub and Teman</u>?]**

I don't think it's a voluminous set of documents, and getting them out may help settle this case, assuming there is any shred of hope that might be possible.

Best,

Adam


The Engel Law Group, PLLC
280 Madison Avenue – Suite 705

New York, NY 10016
(212) 665-8095
aee@elgpllc.com


www.linkedin.com/in/adamengelesq/


---

**From:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Sent:** Wednesday, June 23, 2021 10:38 AM
**To:** Adam Engel <aee@elgpllc.com>
**Subject:** RE: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472


Hi Adam – see attached draft joint letter and provide any edits or additions from your side. Happy to discuss. thanks


**Ariel Reinitz**

Partner

_____

**FisherBroyles, LLP**

direct:  +1.646.494.6909

ariel.reinitz@fisherbroyles.com

www.fisherbroyles.com


The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Adam Engel <aee@elgpllc.com>
**Sent:** Monday, June 21, 2021 11:49 PM
**To:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Cc:** Adam Engel <aee@elgpllc.com>
**Subject:** Re: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472


No problem - let's just get a draft going tomorrow so we have time to finish by Wednesday.

Best,
Adam

The Engel Law Group
280 Madison Ave - Suite 705
New York, NY 10016
(212) 665-8095
linkedin.com/in/adamengelesq


On Mon, Jun 21, 2021, 8:33 PM Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com> wrote:

Sorry, I must have misunderstood when we spoke (was expecting you to forward your ½ and I'd drop into a letter and file tonight). Anyway I've been tied up unexpectedly all day and can't get to this until late. I will ask to move the date out to Wed. thx


**Ariel Reinitz**

Partner

_____

**FisherBroyles, LLP**

direct:  +1.646.494.6909

ariel.reinitz@fisherbroyles.com

www.fisherbroyles.com


The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Adam Engel <aee@elgpllc.com>
**Sent:** Monday, June 21, 2021 6:05 PM
**To:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Cc:** Adam Engel <aee@elgpllc.com>
**Subject:** Re: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

I understood you were going to draft and then I was going to add?  Where is the Plaintiff's portion?  If you need more time then you can just put in another request on consent.

As for Goldberg - I will send you the letter we discussed later this evening.

Best,
Adam

The Engel Law Group
280 Madison Ave - Suite 705
New York, NY 10016
(212) 665-8095
linkedin.com/in/adamengelesq

On Mon, Jun 21, 2021, 6:01 PM Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com> wrote:

Hi Adam – sorry for not following up sooner – can you forward your part of the referenced joint letter? thx

**Ariel Reinitz**

Partner

_____

**FisherBroyles, LLP**

direct:  +1.646.494.6909

ariel.reinitz@fisherbroyles.com

www.fisherbroyles.com

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Adam Engel <aee@elgpllc.com>
**Sent:** Wednesday, June 16, 2021 12:17 PM
**To:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Cc:** Adam Engel <aee@elgpllc.com>
**Subject:** Re: FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

I do.

Best,
Adam

The Engel Law Group
280 Madison Ave - Suite 705
New York, NY 10016
(212) 665-8095
linkedin.com/in/adamengelesq

On Wed, Jun 16, 2021, 11:43 AM Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com> wrote:

Adam – please confirm you consent to the extension to next Monday. Thanks

**Ariel Reinitz**

Partner

_____

**FisherBroyles, LLP**

direct:  +1.646.494.6909

ariel.reinitz@fisherbroyles.com

www.fisherbroyles.com

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Dania Bardavid <Dania_Bardavid@nysd.uscourts.gov>
**Sent:** Wednesday, June 16, 2021 11:41 AM
**To:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Cc:** dstein@mb-llp.com; aee@elgpllc.com
**Subject:** RE: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

Please file a request for extension of time on the docket.

**From:** Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>
**Sent:** Wednesday, June 16, 2021 10:17 AM
**To:** Dania Bardavid <Dania_Bardavid@nysd.uscourts.gov>
**Cc:** dstein@mb-llp.com; aee@elgpllc.com
**Subject:** FW: GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

**CAUTION - EXTERNAL:**

Hi Dania – I represent Plaintiff in the referenced case. I wasn't included in the email below and only received it late yesterday via opposing counsel. As such, the parties have yet to confer re: the requested submission. I would ask that we be granted until next Monday (June 21, 2021) to file the joint letter. Please let me know if that works and/or if we should file a formal request for extension on the docket.

Thanks,

Ariel

**Ariel Reinitz**

Partner

_____

**FisherBroyles, LLP**

direct:  +1.646.494.6909

ariel.reinitz@fisherbroyles.com

www.fisherbroyles.com

The information contained in this e-mail message is only for the personal and confidential use of the intended recipient(s). If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Dania Bardavid <Dania_Bardavid@nysd.uscourts.gov>
**Sent:** Thursday, June 10, 2021 6:17 PM
**To:** dstein@mb-llp.com; aee@elgpllc.com
**Subject:** GateGuard, Inc. v. MVI Systems LLC et al., 19cv2472

Counsel,

I am e-mailing from Judge Freeman's chambers regarding the motions to stay discovery in the GateGuard matter (Dkts. 137, 139).  Per Judge Freeman's instructions at the April 22 conference, the parties were to file a joint submission laying out what discovery has happened so far, what discovery remains outstanding, and the parties' views as to which claims such discovery relates to.  Judge Freeman further instructed the parties to file their submission within a few weeks, and seven weeks have since passed.  Please file the joint submission on the docket no later than Wednesday, June 16th.

Best,

Dania

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

EXHIBIT B

June 23, 2021

**<u>VIA ECF</u>**

Honorable Debra Freeman
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re:    *GateGuard, Inc. v. MVI Systems LLC; Samuel Taub; MVI Industries, LLC*
            Case No.: 1:19-cv-02472-JPC-DCF

Dear Judge Freeman:

I represent Plaintiff GateGuard, Inc. and write on behalf of all parties to update the Court regarding discovery to date (*see* ECF No. 162).

The parties have exchanged several sets of discovery requests. Plaintiff's discovery requests concern issues in this case including:

1. Defendants' acquisition and use of technical and business trade secrets obtained from Plaintiff (relevant to trade secret misappropriation, breach of contract, unfair competition, and tortious interference claims);
2. Defendants' dealings with Plaintiff's prospective and actual customers (relevant to trade secret misappropriation, unfair competition, and tortious interference claims);
3. Defendants' purported development of the technologies they sell (relevant to trade secret misappropriation, breach of contract, and correction of patent inventorship claims);
4. Defendants' purported conception and reduction to practice of the technologies encompassed by the two patents at issue (relevant to trade secret misappropriation and correction of patent inventorship claims); and
5. The creation of MVII and the transfer of assets from MVIS to MVII (relevant to fraudulent conveyance claims).

The parties have discussed their anticipated number of depositions. Plaintiff anticipates 7-10 depositions will be necessary to cover the above topics.

Plaintiff has produced documents relating to the contract at issue in this case and provided Defendants with an updated set of initial disclosures. Defendants have produced certain documents in response to one document request (concerning Defendants' dealings with one of Plaintiff's customers).

The parties previously exchanged proposals regarding the sequence and timing of various discovery activities. Subsequently, Defendants moved to stay discovery. Currently, Defendants largely object to substantively responding to Plaintiff's discovery requests or producing

documents on grounds that Defendants have moved to dismiss, compel arbitration, and stay discovery.

EXHIBIT C

# THE ENGEL LAW GROUP, PLLC

280 Madison Avenue – Suite 705
New York, NY  10016
Telephone: (212) 665-8095          Email: aee@elgpllc.com          Facsimile: (888) 364-3564

June 22, 2021

**BY EMAIL PDF**

Ariel Reinitz
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

Re:     GateGuard v. Goldmont – Third-Party Subpoenas

Dear Ariel,

As you know, I represent Samuel Taub, Joseph Soleimani, Jacob Litchfield, and their related companies in connection with the third-party subpoenas GateGuard issued to them in the above-referenced case.

As you also know, Judge Gorenstein ruled last week that the scope of appropriate discovery in connection with GateGuard's contract claim is limited, in essence, to the elements of a contract claim under New York law, namely contract formation, GateGuard's performance, Goldmont's lack of performance, and resulting damage to GateGuard.  While not a basis for withholding documents or objecting to any deposition(s) of my clients, it seems to me that there is no dispute that Goldmont did not pay what GateGuard claims it is owed, which necessarily means that Goldmont's lack of performance is not genuinely at issue, nor is the harm to GateGuard.  Rather, the heart of the case is whether GateGuard and Goldmont entered into a valid and enforceable contract and whether GateGuard failed to fulfill its obligations or otherwise breached any agreement it may have had with Goldmont.

Further, I stand by my position that the musings of anyone connected to Goldmont and/or the opinions of my non-lawyer clients regarding the enforceability of any contract between GateGuard and Goldmont have absolutely no bearing on any party's claims or defenses.  In fact, I am sure you would object if Goldmont sought to enter into evidence a (non-existent) statement by one of my clients to the effect that GateGuard's terms are unconscionable and that no court should ever enforce them.

Notwithstanding the above and other objections we have discussed at length in our multiple "meet and confer" sessions, which are all reserved, I am, as we discussed, providing this letter to confirm that my clients have no relevant – as delineated by Judge Gorenstein – documents or testimonial evidence responsive to GateGuard's subpoenas or any other claims or defenses at issue in the Goldmont case.

Ariel Reinitz
June 22, 2021
Page 2 of 2

First, I have reviewed the Whatsapp chats between Abi Goldenberg, on the one hand, and each of Samuel Taub, Joseph Soleimani, and Jacob Litchfield, on the other.  None of those chats have any relevance to GateGuard's contract or other claims.  Moreover, I believe Goldmont has already produced the chat between Goldenberg and Litchfield, and that it is already part of the Court record.  While I understand from you that some of the attachments were not produced, I do not believe the text of the chat supports any inference that the attachments would have any relevance, and I have not seen anything to the contrary.

Second, after the hearing with J. Gorenstein last week, I have, as promised, circled back to each of my clients to revisit the relevant issues and can confirm that none of my clients have had conversations with Abi Goldenberg about the details of any agreement between GateGuard and Goldmont, including relating to the formation or performance of the purported contract, as well as any damages resulting therefrom.

As such, I trust that GateGuard will, as we also discussed last week, either formally withdraw the subpoenas to my clients, or agree to refrain from any further enforcement efforts.  I also can reconfirm my understanding that if something arises in discovery or otherwise in the Goldmont case, I would be willing to revisit the matter and will review in good faith any proffer GateGuard may be able to make that might justify any further burdens on my clients, none of whom have any financial interest in the outcome of GateGuard's dispute with Goldmont.

Sincerely,

Adam E. Engel
*Counsel for Samuel Taub, Joseph*
*Soleimani, Jacob Litchfield, and*
*related entities*

EXHIBIT D

June 23, 2021

<u>**VIA ECF**</u>

Honorable Debra Freeman
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

      Re:    *GateGuard, Inc. v. MVI Systems LLC; Samuel Taub; MVI Industries, LLC*
               Case No.: 1:19-cv-02472-JPC-DCF

Dear Judge Freeman:

I represent Plaintiff GateGuard, Inc. and write on behalf of all parties to update the Court regarding discovery to date (*see* ECF No. 162).

<span style="color:red">**Plaintiff's Position:**</span>

The parties have exchanged several sets of discovery requests. Plaintiff's discovery requests concern issues in this case including:

1. Defendants' acquisition and use of technical and business trade secrets obtained from Plaintiff (relevant to trade secret misappropriation, breach of contract, unfair competition, and tortious interference claims);
2. Defendants' dealings with Plaintiff's prospective and actual customers (relevant to trade secret misappropriation, unfair competition, and tortious interference claims);
3. Defendants' purported development of the technologies they sell (relevant to trade secret misappropriation, breach of contract, and correction of patent inventorship claims);
4. Defendants' purported conception and reduction to practice of the technologies encompassed by the two patents at issue (relevant to trade secret misappropriation and correction of patent inventorship claims); and
5. The creation of MVII and the transfer of assets from MVIS to MVII (relevant to fraudulent conveyance claims).

The parties have discussed their anticipated number of depositions. Plaintiff anticipates 7-10 depositions will be necessary to cover the above topics.

Plaintiff has produced documents relating to the contract at issue in this case and provided Defendants with an updated set of initial disclosures. Defendants have produced certain documents in response to one document request (concerning Defendants' dealings with one of Plaintiff's customers).

The parties previously exchanged proposals regarding the sequence and timing of various discovery activities. Subsequently, Defendants moved to stay discovery. Currently, Defendants

largely object to substantively responding to Plaintiff's discovery requests or producing documents on grounds that Defendants have moved to dismiss, compel arbitration, and stay discovery.

### Defendants' Position

As an initial matter, counsel for Plaintiff GateGuard offered last week for the parties to stipulate to a stay of discovery pending Judge Cronan's decision on the Defendants' motions to compel arbitration and/or dismiss on substantive grounds, effectively acquiescing in the relief the Defendants seek from Your Honor in their motion to stay discovery. Notwithstanding this tentative agreement, the parties understand that the discretion to stay discovery rests squarely and solely with Your Honor, and that Your Honor expects the parties to be as ready as possible to proceed, if and as needed, as soon as Judge Cronan issues his decision. While I believe the parties have more work to do in setting up a discovery plan, I believe we have a good basic understanding of what we may need to do (depending on Judge Cronan's forthcoming decision) and a basis roadmap for getting it done.

I.    Discovery to Date:

A.    Plaintiff's Document Requests, Interrogatories, and Requests for Admission

Plaintiff has issued a total of 127 document requests, 39 interrogatories (some of which may have been withdrawn due to the FRCP limit of 25), and 86 requests for admission. At great expense, Defendants have responded and/or objected to all of these various discovery requests. The Defendants have also produced all of the documents they negotiated with Plaintiff – over the Defendants' strong objections – all of which focus on a former GateGuard customer that testified against Ari Teman at his federal criminal trial last year, and all of which relate to a cause of action that Judge Abrams dismissed with leave to replead (the "ABJ Documents"). The only potential exception is that Plaintiff has identified a handful of attachments, or other material referenced in what has already been produced, that Defendants purportedly did not produce yet. While the Defendants are certain that all or virtually all of these documents are duplicates of what has been produced, or are utterly irrelevant, the Defendants are in the process of working with Plaintiff's counsel to resolve any such issues in the next week or two. The Plaintiff's discovery requests cover the full breadth of Plaintiff's claims, with no particular focus on any cause of action or aspect of Plaintiff's Third Amended Complaint.

B.    Defendants' Document Requests

The Defendants have consistently held the view that Plaintiff's claims relating to the parties' respective technological offerings are the most important, as Plaintiff is seeking to strip the Defendants of their extremely valuable and duly issued patents. They have also held the view that, for the reasons set forth in their motion to stay discovery, discovery should be stayed in this action pending Judge Cronan's ruling on their motion to compel arbitration and/or dismiss. For these reasons, as well as Your Honor's directive to put the most important discovery on the front burner, the Defendants have issued one set of 39 document requests that focus exclusively on communications between GateGuard's principal, Ari Teman, and MVI's principal, Samuel Taub.

These communications are indisputably the linchpin of all of Plaintiff's claims, all of which arise from the Defendants' alleged theft of Plaintiff's purportedly proprietary business and technical information, all of which information was allegedly shared directly by Ari Teman to Samuel Taub.

Further, all of the Defendants' document requests focus exclusively on the Plaintiff's technology-related claims, and virtually of them explicitly incorporate the Plaintiff's own allegations from the Third Amended Complaint – for example, the Defendants request "All documents concerning each and every one of the 'further discussions and communications' alleged as follows in Paragraph 95 of the TAC: 'In response to Taub's communication and in reliance on his acceptance of the ToS, Teman engaged Taub in further discussions and communications.'"  In the Defendants' view, this is an appropriate target of early discovery because (a) these documents do not exist, and bringing that fact to light may go a long way to getting this case resolved as soon as possible or (b) even if they did exist, they would be extremely simple for Plaintiff to collect and produce, as these are the types of documents that should be collected and reviewed before bringing a civil action in the first place.

Despite the straightforward nature of the Defendants' document requests, and that Plaintiff agreed in its written discovery responses to start producing documents on a "rolling basis" no later than November 2, 2020, the Plaintiff has still not produced a single document in response to a single one of the Defendants' document requests, as was the case some eight weeks ago as of the April 22 status conference with Your Honor.  The only "documents" that the Plaintiff has "produced" – which terms imply the materials were handed over as part of the discovery process – are the GateGuard Terms of Service that embody the very contract on which the Plaintiff's claims are based, and which Your Honor ruled were "integral" to the complaint, and explicitly ordered Plaintiff to produce in August of last year.

C.  The Parties' Agreement for an Initial Exchange of Documents

Prior to the Defendants filing their motion to stay discovery, the Plaintiffs agreed to produce some of the key documents concerning any communication(s) between Ari Teman and Samuel Taub, in exchange for the Defendants producing the documents it has already produced (as discussed above).  I have suggested that the Plaintiff should make a good faith effort to produce such documents notwithstanding any stay stipulated between the parties and/or ordered by the Court, and Plaintiff's counsel has indicated that he is not opposed.  The Defendants believe that wrapping up this previously agreed upon exchange of documents can and should be completed while awaiting a decision from Judge Cronan.

In addition, one of the reasons that the Defendants agreed to produce, and have produced, the ABJ Documents was that Plaintiff agreed that such documents would be used as something of a "bellwether" case, meaning that Plaintiff would review them in good faith and if they showed no misappropriation of trade secrets or other potential wrongdoing, Plaintiff would strongly consider dropping its various business trade secrets claims, which cover several other former GateGuard customers similarly situated to ABJ.  While I think it would be impossible to argue that the ABJ Documents do anything but contradict Plaintiff's suspicions of misconduct, the

Defendants have not heard from Plaintiff on this issue, and believe that this may be another fruitful avenue worth pursuing notwithstanding the Defendants' request for a stay of discovery.

   D.   <u>Initial Disclosures</u>

   At the conference with Your Honor in April, we explained that the Plaintiff's Initial Disclosures were deficient in many respects, including that it did not provide contact information for the witnesses it identified, and that Plaintiff did not provide any "computation of damages." While Plaintiff agreed to remedy these acknowledged deficiencies, Plaintiff's response was to increase its witness list from 3 witnesses to 24 witnesses (not including Ari Teman), while still failing to provide the required contact information for most of them other than an email address. Moreover, Plaintiff has provided the same exact vague description of the subject matter of discoverable information for 21 of those witnesses, namely "GateGuard's technical and business activities."  As explained below, this overload of hopelessly vague information not only falls far short of the requirements of Rule 26, it also makes it very difficult for the Defendants to formulate an efficient but adequate discovery plan.

II.   <u>Discovery Remaining</u>

   A.   <u>Documents</u>

   As explained above, the Defendants have issued one set of document requests focused on the alleged communication(s) between Ari Teman and Samuel Taub.  The Defendants believe that these documents do not exist because there was only one substantive communication between Ari Teman and Samuel Taub, not the several alleged by the Plaintiff, and that the lack of such documents will serve to greatly undermine all of the Plaintiff's claims.

   In addition to the Plaintiff producing any such documents it may have, the Defendants intend to issue an additional set of document requests focused on the existence, or lack thereof, of relevant technological capabilities of the Plaintiff.  Combined with an absence of proof of sufficient communications between the parties, the Defendants believe that Plaintiff's inability to document the technological capabilities it claims to have had when Ari Teman and Samuel Taub spoke once by telephone will further erode Plaintiff's claims.  Further, the Defendants are aware of several former GateGuard customers who complained to GateGuard that its technology did not work as claimed and that, in effect, GateGuard's business was a fraud, and that documents concerning such communications will likely suffice to defeat Plaintiff's claims.

   B.   <u>Interrogatories</u>

   As a result of Plaintiff's woefully deficient Initial Disclosures, the Defendants may need to issue interrogatories seeking details about the potential witness identified by the Plaintiffs, but hope to avoid this wasteful process by working with Plaintiff's counsel to identify the key players that the parties agree have the most extensive knowledge of GateGuard's alleged technological and business trade secrets.

   C.   <u>Requests for Admission</u>

Other than some "clean up" toward the end of discovery, the Defendants anticipate asking Plaintiff to admit that many of the alleged communications between Teman and Taub did not, in fact, take place, and that several of its other allegations are similarly baseless and untrue.

D. Depositions

The Plaintiff's claims fall into two areas, including as identified by the Court and the parties for some time, namely "technological trade secrets" and "business trade secrets," and the discovery arising from each is largely distinct.

As of now, the Plaintiff has identified 3 potential witnesses with knowledge regarding GateGuard's "technological development," which presumably means these people have knowledge relevant to Plaintiff's patent and related claims.  The Defendants would most likely seek to depose each of these three people.

As mentioned above, GateGuard has identified 21 potential witnesses with knowledge regarding GateGuard's "technical and business activities," which we believe relates more to GateGuard's implementation of its technology with customers as opposed to the alleged creation of such technology (i.e. "technical development").  As also mentioned above, I would hope that Plaintiff and Plaintiff's counsel would supplement their Initial Disclosures with more specific information and/or provide it on a less formal basis, and otherwise cooperate in identifying the 3-4 witnesses that have the most relevant knowledge and whom Defendants would then seek to depose.  The Defendants believe that the parties should cooperatively identify the appropriate witnesses for each side to prepare/develop its case, and that the parties can and should issue deposition notices and subpoenas to those parties while waiting for Judge Cronan's decision, along with an agreed-upon (but somewhat flexible) order of depositions, with firm dates to be agreed upon and set, as necessary, after Juge Cronan's decision issues.

III.   Discovery Timeline

Several months ago, when the Court first requested a discovery plan from the parties, the Defendants suggested a rolling discovery process based on 2-week periods, as follows.  The parties generally agreed that discovery could be efficiently broken up into three or four chunks – for example, technical development (alleged inventions), technical deployment (manufacturing the physical kiosks and installing them), business trade secret creation (developing alleged proprietary potential customer information), and the alleged interactions between Teman and Taub.  As a first step, each party would produce all documents concerning one of those topics. During the next two weeks, each party would review the documents produced by the other party and identify any alleged deficiencies in writing.  During the following two weeks, each party would work on its initial production for the next topic, while also working on cleaning up any deficiencies relating to the first topic.  This process would take approximately 8 weeks.  The Defendants continue to believe that this process is sensible and efficient.

After the documents relating to each "topic" are finalized, the parties could begin conducting depositions of witnesses with knowledge of each topic, while the parties continued the rolling

document production/review/deficiencies process described above.  The Defendants also continue to believe that this would be an efficient way to get through discovery.

An additional benefit of setting up the timeline in topic-related stages is that it mirrors the structure of the arguments raised by the Defendants in their motion to compel/dismiss, and is likely to similarly mirror the structure of a decision by Judge Cronan.  For example, GateGuard's business trade secret claims will likely stand or fall together, and if Judge Cronan dismisses those claims the parties can easily and efficiently excise the concomitant portion of their discovery plan and simply move any other remaining issues up the timeline, which itself would be shortened by several weeks.

While the Defendants believe that it would be possible to complete the remaining discovery in 60 days as per the current CMO, even if their substantive motions were denied in their entirety, the Defendants anticipate that the parties will jointly request 90 days to complete fact discovery, and submit that this would not be an inordinate amount of time given the nature of the claims in this case.

The Defendants reiterate their request for a stay of discovery, other than as indicated above, and submit that they will continue to work with Plaintiff's counsel to further solidify the parties' plan to complete discovery, as needed, once Judge Cronan issues his decision.