# THE ENGEL LAW GROUP, PLLC

280 Madison Avenue – Suite 705
New York, NY 10016

Telephone: (212) 665-8095          Email: aee@elgpllc.com          Facsimile: (888) 364-3564

January 4, 2022

**BY ECF**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *GateGuard, Inc. v. MVI Systems LLC; Samuel Taub; MVI Industries, LLC*
             Case No.: 1:19-cv-02472-JPC-DCF

Dear Judge Cronan:

      I represent the Defendants in the above-referenced action, and write today to provide Defendants' report on the status of arbitration. First, however, I feel it necessary to explain to the Court why what was supposed to be submitted as a joint status report ended up being submitted in two separate parts by the respective parties.

      As indicated below, we have always been of the view that Plaintiff has been ordered by the Court to proceed to arbitration. As such, we have also been of the view that Plaintiff would take the lead on the joint status report, especially given that Plaintiff has not, in fact, done anything to initiate its claims in arbitration. We did not hear from Plaintiffs' counsel until after 5pm on Friday, December 17, the business day before the status report was due. After some back and forth among counsel on December 20, Plaintiff's counsel agreed to circulate the initial draft of the report, but we did not receive it until after business hours on December 20. By the time I was able to return the draft to Plaintiff's counsel the next day with Defendants' position, it appears that Plaintiff had begun the process of filing its solo version of the report, which was filed shortly after we sent Plaintiff our portion of the report.

      *Defendants' Position*

      Plaintiff's apparent position turns common sense on its head, taking the Defendants' motions and the Court's ruling along with it. The Plaintiff appears to argue that the Defendants are currently under a Court Order to file an arbitration claim against themselves. While Plaintiff has had almost three months to consider the import of the Court's September 28 decision, the Plaintiff has not and cannot cite a single case that holds that a defendant who successfully moves to compel arbitration must then take the lead and file an arbitration demand against itself, and instead can only ominously allude to seeking "further relief" from the Court at some undisclosed time in the future. In addition to being somewhat counterintuitive on its face, Plaintiff's purported view of the posture of this case would necessarily include ceding control over its own

claims to its adversary insofar as Plaintiff appears to be demanding that Defendants draft and file Plaintiff's demand for arbitration. Given that Plaintiff has already filed four different versions of its complaint in this action, it is clear that not even the Plaintiff knows what claims Plaintiff will ultimately assert in arbitration, and it surely does not fall to Defendants to decide for Plaintiff.

Even putting aside the absurdity of the result Plaintiff seeks, the Defendants' Notice of Motion clearly states the relief they sought, namely "an Order, pursuant to Fed. R. Civ. Pro. Rule 12(b)(1) and (b)(6), and Rule 9(b), and the Federal Arbitration Act, *compelling Plaintiff to arbitrate this case before the American Arbitration Association*." Dkt. #119 (emphasis added). This phrasing was not accidental, as Defendants intentionally drafted their request for relief this way to make it abundantly clear that they were not moving for a court order directing that the case must move forward in arbitration, but rather a court order directing that *if* Plaintiff wanted, in its sole discretion, to litigate its claims then it must do so in arbitration. The Court granted the Defendants' Motion without altering the relief sought in any way. Dkt. #171 ("the Court grants Defendants' motions to compel").

As such, and as requested by Defendants, the Court compelled "Plaintiff to arbitrate this case" before the AAA. *See, e.g., Carmax Auto Superstores, Inc. v. Sibley*, 215 F. Supp. 3d 430, 440 (D. Md. 2016) (after finding plaintiff's arguments frivolous and vexatious – and therefore sanctionable – and dismissing plaintiff's claims filed in court, directing *plaintiff* to file plaintiff's claims in arbitration: "Sibley will be directed to submit to individual arbitration all of his claims against CarMax arising out of his employment, including arbitration of those claims set forth in his January 6, 2016 demand letter to CarMax."). Rather than proceed with its own case by initiating arbitration, Plaintiff has instead opted to engage in sophistry in an effort to unwind the Court's clear and well-reasoned decision, and again escape the consequences of its own arbitration provisions.

Moreover, whatever arguments the Plaintiff makes above, or anticipates making in the future, they should be put to the arbitrator, not this Court. *See, XO Commc'ns, Inc. v. Terra Telecommunications Corp.*, 333 F. Supp. 2d 494, 496 (E.D. Va. 2002) ("the Court's powers other than determining the scope of the agreement and the enforcement of an arbitral award are essentially non-existent," explaining further that "nothing in this decision should be construed as mandating that one party or another pay fees to JAMS. That decision is one for JAMS, not this Court. Plainly, all this decision does is foreclose the judicial forum in favor of the arbitral forum. The means and manner in which the arbitration is resolved is left entirely to the arbitrator.").

*Timeline*

In addition to clarifying that the Plaintiff's claims are the Plaintiff's claims and that Plaintiff is responsible for bringing them in the proper forum, the Defendants respectfully request that the Court provide a timeline that Plaintiff should follow for initiating arbitration. The Defendants are mindful of that portion of the Court's arbitration order that addressed the undesired pitfall of converting a non-appealable order compelling arbitration and staying the action into an immediately appealable final order dismissing the action (Dkt. #171 at p.18), and

do not want to upset that portion of the Court's ruling.  At the same time, the Defendants do not want this case to stagnate in limbo indefinitely, and hope that the Plaintiff will proceed expeditiously, with the Court's prodding if necessary, to arbitration on a reasonable timeline.

Sincerely,

Adam E. Engel
*Counsel for Defendants*

Cc:   All Counsel of Record by ECF