# Fisher Broyles

**Ariel Reinitz**
*Partner*
FisherBroyles, LLP
445 Park Avenue
Ninth Floor
New York, NY 10022

Ariel.Reinitz@fisherbroyles.com
Direct: 646.494.6909

January 24, 2022

**VIA ECF**

Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *GateGuard, Inc. v. MVI Systems LLC; Samuel Taub; MVI Industries, LLC*
              Case No.: 1:19-cv-02472-JPC-DCF

Dear Judge Cronan:

      I represent Plaintiff GateGuard, Inc. and write pursuant to the Court's request at the recent conference (*see* ECF No. 176) regarding Defendants' obligation to initiate the arbitration proceeding they sought to compel. As set forth below, the operative arbitration provision requires Defendants to initiate arbitration.

## I. The Arbitration Clause

      The arbitration clause underlying Defendants' motion and the Court's order provides that:

> [A] party *who desires to initiate arbitration* must provide the other party with a written Demand for Arbitration as specified in the AAA Rules.

ECF No. 121 at 28 (emphasis added).

      Defendants filed motions to compel arbitration (ECF Nos. 118-6 and 120) which Plaintiff opposed (ECF No. 149). Defendants are therefore the parties "who desire[] to initiate arbitration" and by the plain language of the arbitration clause[1] "must provide [Plaintiff] with a written

---

[1] In their recent submission, Defendants carefully avoid addressing this language while claiming Plaintiff's position is "counterintuitive" and "absurd[.]" ECF No. 175. As detailed below,

# Fisher Broyles

January 24, 2022 | Page 2 of 4

Demand for Arbitration[.]" As previously noted, they have not. ECF No. 173.

## II. The Court's Ruling

In their recent letter, Defendants claim that "as requested by Defendants, the Court compelled 'Plaintiff to arbitrate this case' before the AAA." ECF No. 175 at 2. Defendants misstate the Court's order. As outlined below, the Court carefully avoided reaching the issue of which (if any) of Plaintiff's underlying claims are to be arbitrated.

Instead, the Court compelled the parties to arbitration to enable the arbitrator – in the first instance – to determine which (if any) claims are to be arbitrated.[2]

In its ruling, the Court summarized Defendants' position as follows:

> Defendants argue that GateGuard's Dispute Resolution Policy *requires that GateGuard arbitrate all its claims*. Defendants assert that (1) the contract delegated to the arbitrator the right to determine the scope of the arbitration provision and (2) even if the Court were to determine the scope of the arbitration provision, GateGuard's claims would fall within matters to be arbitrated.

ECF No. 171 at 7-8 (emphasis added).

The Court did not reach the issue of which (if any) of Plaintiff's claims are to be arbitrated. Stated differently, the Court did *not* compel Plaintiff to arbitrate any of its underlying claims against Defendants. Instead, the Court found that:

> Because GateGuard and Taub entered into a mandatory arbitration agreement *that delegates questions of arbitrability to the arbitrator* for all the claims, the Court grants the motions to compel…."

ECF No. 171 at 1 (emphasis added).

Contrary to Defendants' assertion, the Court did *not* rule that Plaintiff was required to arbitrate all its claims. Instead, the Court concluded that "the contract delegated to the arbitrator *the right to determine the arbitration provision's scope*." *Id*. at 7-8 (emphasis added).

---

Plaintiff's expectation (that Defendants initiate the arbitration they sought) is contemplated by the arbitration clause and the incorporated AAA Rules.

[2] Plaintiff previously argued – and continues to maintain – that none of the claims in this action are to be arbitrated. *See, e.g.*, ECF No. 149 at 45 n.23 (noting Plaintiff had exercised its right to 'opt out' of arbitration). For this reason as well, Defendants – *not* Plaintiff – are the "party who desires to initiate arbitration" referenced in the arbitration clause.

Throughout its ruling the Court reinforced that it had only determined that the parties delegated to the arbitrator the question of which (if any) claims were arbitrable:

- "[A] plain construction of the Dispute Resolution Policy's provisions shows clear evidence that the parties intended *to delegate the question of arbitrability to the arbitrator*." ECF No. 171 at 10-11 (emphasis added) (citing the arbitration clause and the AAA Rules).

- "[T]he explicit and broad arbitration language in the Dispute Resolution Policy, including the express incorporation of the AAA Rules, reflects the parties' decision to *delegate arbitrability to the arbitrator*." *Id*. at 15 (emphasis added).

- "In sum, the unambiguous and broad arbitration provision in Clause 1, combined with the lack of a carve-out in Cause 2 and the incorporation of the AAA rules, establishes "clear and unmistakable" evidence of GateGuard's and Taub's agreement to *delegate issues of arbitrability to an arbitrator*." *Id*. at 16-17 (emphasis added).

Defendants are correct that they sought an order compelling GateGuard to "arbitrate this case" in its entirety. But they incorrectly conclude that the Court's order granted them such relief. The Court only compelled the parties to raise the issue of *arbitrability* with the arbitrator.

If Defendants still "desire" the relief requested in their motion – namely, that Plaintiff be required to arbitrate all the underlying claims in this action (relief Plaintiff has opposed) – Defendants must seek such relief by initiating arbitration.[3]

### III. The AAA Rules

In its Order the Court found that the arbitration clause at issue "incorporated the AAA Rules for arbitration." *Id*. at 5 (quoting and applying the AAA Rules). And the AAA Rules contemplate a scenario like this one, in which a party who did not initiate court proceedings would be the "initiating party" for purposes of arbitration. Specifically, Rule R-4 of the AAA Rules provides that:

> (a) Arbitration under an arbitration provision in a contract *shall be initiated by the initiating party ("claimant") filing with the AAA a Demand for Arbitration*, the administrative filing fee, and a copy of the applicable arbitration agreement from the parties' contract which

---

[3] In support of their position (that Plaintiff should initiate arbitration) Defendants cite a single out-of-district case which is inapplicable here. In *CarMax Auto Superstores, Inc. v. Sibley*, 215 F. Supp. 3d 430, 432-33 (D. Md. 2016), the plaintiff initially "formally requested arbitration" and was "actively [pursuing his claims in] arbitrat[ion]" while concurrently attempting to "challeng[e]… certain provisions of the [arbitration agreement] in state court." The court's ruling in *CarMax* (compelling the plaintiff to pursue his claims in the arbitration proceeding *he initiated*) is inapplicable here.

> provides for arbitration.
> (b) Arbitration pursuant to a court order *shall be initiated by the initiating party filing with the AAA a Demand for Arbitration, the administrative filing fee,*[4] *and a copy of any applicable arbitration agreement from the parties' contract which provides for arbitration.*
>   i. The filing party shall include a copy of the court order.
>   ii. The filing fee must be paid before a matter is considered properly filed….
>   iii. *The party filing the Demand with the AAA is the claimant and the opposing party is the respondent **regardless of which party initiated the court action***. Parties may request that the arbitrator alter the order of proceedings if necessary pursuant to R-32.

ECF No. 172 at 11 (emphasis added).

Accordingly, the AAA Rules contemplate a scenario like this one in which one party (here, Plaintiff) initiated court action while the opposing party (here, Defendants) initiate arbitration.

Defendants suggest that requiring them to initiate arbitration would be "absurd." ECF No. 175 at 1-2. But as outlined above, the AAA Rules – *which Defendants themselves rely upon in their motion* (*see, e.g.*, ECF No. 120 at 5) – expressly contemplate this scenario.

### IV. Conclusion

Defendants – as the movants who sought to compel arbitration and the parties desiring to initiate it – must initiate arbitration pursuant to the operative arbitration clause. This result is reinforced by the Court's order, the AAA Rules on which Defendants rely, and other sections of the parties' agreement which obligate Defendants to pay arbitration fees.

> Respectfully submitted,
> By: /s/ Ariel Reinitz
> Ariel Reinitz

cc:   Counsel of Record (via ECF)

---

[4] Notably, the arbitration agreement at issue also provides that "You [(i.e., Defendants)] accept responsibility to pay any AAA filing, administrative and arbitrator fees." ECF No. 121 at 28.