UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
GATEGUARD, INC.,                                                       :
                                                                       :
                           Plaintiff,                                 :
                                                                       :        19 Civ. 2472 (JPC)
          -v-                                                         :
                                                                       :        <u>ORDER</u>
MVI SYSTEMS LLC *et al.*,                                              :
                                                                       :
                           Defendants.                               :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Plaintiff commenced this action in federal court, alleging that Defendants misappropriated its trade secrets and confidential information. On September 28, 2021, the Court granted Defendants' motion to compel arbitration. *See* Dkt. 171. Since that order, Plaintiff has failed to initiate arbitration, instead taking the position that "Defendants have materially breached the parties' arbitration agreement and waived any right to compel arbitration" by not initiating arbitration themselves. Dkt. 173. The Court disagrees. The Court granted Defendants' motion to compel, which requested that the Court "compel[] Plaintiff to arbitrate this case before the American Arbitration Association," Dkt. 119. Defendants therefore had no obligation to initiate arbitration. Rather, if Plaintiff wishes to pursue its claims of misappropriation of trade secrets and confidential information against Defendants, it must do so by initiating arbitration.

       In this Order, the Court hopes to remove any confusion that may exist on Plaintiff's part. Thus, to be clear: having granted the motion to compel, the Court orders Plaintiff to initiate arbitration if it wishes to prosecute the claims raised in this lawsuit against Defendants. That was the effect of the Court's September 28, 2021 Opinion and Order, granting Defendants' motion to compel, and is reaffirmed in this Order.

Courts have recognized that after granting a defendant's motion to compel, "[t]he continued refusal by Plaintiff to arbitrate [its] claims will result in dismissal of th[e] case under Federal Rule of Civil Procedure 41(b), which gives district courts the authority to dismiss cases, on motion or *sua sponte*, if a plaintiff fails to comply with court orders and/or fails to prosecute an action pending in a district court." *Occilien v. Related Partners, Inc.*, No. 19 Civ. 7634 (KPF), 2021 WL 3727275, at *1 (S.D.N.Y. Aug. 23, 2021) (quotations omitted). Thus, if Plaintiff fails to initiate arbitration by March 1, 2022, the Court will dismiss this case for failure to prosecute without further notice, unless Plaintiff shows good cause for why dismissal is not appropriate. Indeed, Plaintiff's failure to initiate arbitration by that deadline can only be reasonably understood to mean that Plaintiff no longer intends to prosecute its claims against Defendants, given the Court's holding that those claims must be brought in arbitration.

This approach aligns with how courts have handled similar motions to compel arbitration. For instance, then-District Judge Richard J. Sullivan granted a defendant's motion to compel and later dismissed the case for failure to prosecute and comply with judicial orders when the plaintiff failed to initiate arbitration. *See Shetiwy v. Midland Credit Mgmt.*, No. 12 Civ. 7068 (RJS), 2016 WL 4030488 (S.D.N.Y. July 25, 2016), *aff'd,* 706 F. App'x 30 (2d Cir. 2017). There—as here—the court had granted the defendants' "motion to compel arbitration . . . and to stay the action as against them pending completion of the arbitration proceeding." *Shetiwy v. Midland Credit Mgmt.*, 959 F. Supp. 2d 469, 475–76 (S.D.N.Y. 2013). There—similar to here—the arbitration agreement said that either party "may, without the other's consent, elect mandatory, binding arbitration for any claim, dispute, or controversy between you and us." *Id.* at 472 n.16. The agreement also said that "if arbitration is *chosen* by any party with respect to a claim neither you nor we will have the right to litigate that claim in court or have a jury trial on that claim." *Id.* (capitalization changed and emphasis added).

And there—like here—the plaintiff refused to initiate arbitration. *See Shetiwy v. Midland Credit Mgmt.*, No. 12 Civ. 7068, Dkt. 163 at 1. The plaintiff instead contended that the defendants needed to pay for arbitration because it was defendants who "wish[ed] to proceed to arbitration." *Id.* Judge Sullivan rejected that argument, ordered plaintiff to show cause why the court should dismiss the case for failure to prosecute and comply with the court's orders, *id.* Dkt. 165, and later dismissed the case after plaintiff failed to initiate arbitration, *Shetiwy*, 2016 WL 4030488 at *4.

In the same way, the Court rejects Plaintiff's contention that Defendants must initiate arbitration. If Plaintiff wishes to continue to press its claims against Defendants, Plaintiff must initiate arbitration. If Plaintiff fails to initiate arbitration by March 1, 2022, and does not show good cause for its failure to do so, the Court will dismiss this case for failure to prosecute without further notice.

SO ORDERED.

Dated: January 30, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge