**Eden P. Quainton**

**Quainton Law, PLLC**
2 Park Avenue, 20th Floor
New York, NY 10016

245 Nassau Street
Princeton, NJ 08540

---

Telephone (212) 419-0575; 609-356-0526
Cell: (202) 360-6296
Email equainton@gmail.com

October 21, 2022

**VIA ECF**
Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: <u>GateGuard, Inc. v. MVI Systems LLC et al.</u>
<u>Case No.: 1:19-cv-2472 (JLR)</u>
<u>Joint Status Report</u>

Dear Judge Rochon:

      I represent Plaintiff, GateGuard, Inc. ("Plaintiff"), in the above-referenced matter. Together with counsel for MVI Systems LLC ("MVI"), MVI Industries, LLC ("MVII), and Samuel Taub ("Defendants"), I am responding to your Honor's order for a status update (the "Order"). Dkt. 192. As a preliminary matter and to facilitate the Court's review of this case, the matter was referred to arbitration on September 28, 2021, and the case pending before this Court was stayed. Dkt. 171. The parties are in the process of addressing preliminary arbitration matters such as responsibility for legal fees. A hearing has been set for 2:00 p.m. on October 27, 2022, with arbitrator David A. Lowenstein. Accordingly, a detailed status report may not be necessary. However, in compliance with the Order, the parties have prepared the following joint status report that follows the numbering and text of the points to be addressed pursuant to the Order.

1. **Names of counsel and current contact information, if different from the information currently reflected on the docket**.

All information on the docket is current.

2. **A brief statement of the nature of the case and/or the principal defenses thereto**.

Plaintiff alleges that Defendants misappropriated Plaintiff's intellectual property ("IP") in its smart intercom devices, as well as its proprietary customer and commercial trade secrets, and that Defendants used Plaintiff's intellectual property and proprietary data to grow the MVI business and obtain patents based on the misappropriated IP.

Defendants deny Plaintiff's allegations.

**3. A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the Case. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the members, shareholders, partners, and/or trustees.**

This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 in that this case arises under various federal statutes, including 18 U.S.C. § 1836 et seq., and its state law claims are part of the same case or controversy. In addition, this Court has supplemental jurisdiction over all causes of action asserted herein, pursuant to 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events, acts, omissions, and injuries giving rise to the claims occurred in this judicial district and because Defendants are subject to personal jurisdiction in this judicial district at the time this action has commenced.

Plaintiff GateGuard, Inc. is a corporation organized under the laws of the State of Delaware. Defendant MVI is a limited liability corporation organized under the laws of the State of New York. Defendant MVI Industries, LLC is a limited liability company organized under the laws of the State of Delaware.

**4. A statement of all existing deadlines, due dates, and/or cut-off dates.**

There are no pending deadlines, due dates, and/or cut-off dates pending before this Court, as the case has been stayed pursuant to Court order. Dkt. 171. The American Arbitration Association has set October 27, 2022 for a hearing on the issue of arbitration fees and expenses.

**5. A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed**

Not applicable.

**6. A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought.**

None.

**7. A statement and description of any pending appeals.**

None in the present civil matter.

**8. A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations.**

Because this action was stayed pending the outcome of the currently pending arbitration, there are no live discovery disputes between the parties. Plaintiff may seek discovery in aid of any *habeas corpus* or other petition seeking relief on the grounds of actual innocence. *See* 12 below.

**9. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.**

Plaintiff has not yet made a settlement demand.

**10. A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the m; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next 60 days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate.**

The matter has been ordered to arbitration.

**11. An estimate of the length of trial.**

Not applicable.

**12. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.**

Plaintiff contends that:

This case raises the novel issue of the relationship of civil contract analysis of on-line terms and conditions and criminal liability relating to the same terms and conditions. The CEO of GateGuard was convicted of bank and wire fraud for implementing provisions of GateGuard's on-line terms and conditions permitting the use of RCC's to recover outstanding customer debts. *See* US v. Teman, 19-cr-696, Dkt. 253. Yet in the present case, the Court determined that the online terms and conditions are binding based only on a party's inquiry notice. Dkt. 171 at 8-9. This decision came only two months after Teman was *convicted* for his reliance on these *same* terms and conditions. *Id.*; *US v. Teman*, 19-cr-696, Dkt. 253. Teman's criminal case is currently on appeal, *US v. Teman*, 21-1920, but the present case remains relevant for a *habeas* petition or other relief based on Teman's actual innocence. One of the defendants in this case, Samuel Taub, discussed GateGuard's terms and conditions with an MVI client, Joeseph Soleimani, who testified against Teman in the criminal trial. Teman believes Soleimani

3

committed perjury by feigning ignorance of the GateGuard terms and conditions and that the prosecution deliberately failed to disclose exculpatory communications between Taub and Soleimani. This Court has the authority to order production of documents that would show a pattern of perjury or demonstrate the innocence of a criminal defendant otherwise before it. Plaintiff reserves the right to seek to lift or modify the existing stay for discovery of evidence of Teman's actual innocence in the criminal matter.

Defendants contend that:

This submission was ordered by the Court to assist Your Honor, recently seated, with case management and planning, and is not an appropriate vehicle for essentially litigating claims and arguments that have never been, and still are not, part of this case. If Plaintiff does eventually seek to reopen discovery in this case, Defendants will respond at that time.

October 21, 2022
New York, NY

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Eden P. Quainton | Adam Engel |