UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GATEGUARD, INC.,

                      Plaintiff,

         -against-

MVI SYSTEMS LLC et al.,

                      Defendants.

Case No. 1:19-cv-02472 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, GateGuard, Inc., brought this suit against MVI Systems LLC and Samuel Taub on March 20, 2019. Dkt. 1. Plaintiff later amended to add MVI Industries LLC as a defendant in a Second Amended Complaint filed on February 2, 2020. Dkt. 51. On September 28, 2021, the Court granted the Defendants' motion to compel Plaintiff to commence arbitration and stayed the case pending arbitration. Dkt. 171. Status updates were periodically provided to the Court, but no arbitration was ultimately held and the American Arbitration Association issued an order terminating the arbitration on June 4, 2025 for nonpayment of fees. Dkt. 224-1. On June 23, 2025, Plaintiff's attorney, Eden P. Quainton, filed a motion to withdraw as counsel, citing an irreconcilable breakdown in communication between counsel and Plaintiff. Dkt. 231; Dkt. 232. The Court held a hearing on the motion, where Plaintiff's CEO, Ari Teman, was present, and granted Quainton's motion to withdraw as counsel for Plaintiff on July 8, 2025. Dkt. 237. In its Order and on the record during the hearing, the Court advised the CEO of Plaintiff directly that Plaintiff could not proceed *pro se* as a corporation. *Id.* (citing *Steadman v. Citigroup Glob. Mkts. Holdings Inc.*, 592 F. Supp. 3d 230, 244 (S.D.N.Y. 2022)). The Court set a deadline of October 6, 2025, for the Plaintiff to retain new counsel and for that counsel enter a notice of appearance.

Dkt. 237. That deadline has passed, and no attorney has filed a notice of appearance on behalf of the Plaintiff. Plaintiff also has not contacted the Court to request an extension of that deadline.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013); *accord LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). Courts address five factors when making this determination: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). When a corporate plaintiff fails to obtain counsel, dismissal under Rule 41(b) is warranted. *See Steadman*, 592 F. Supp. 3d at 244 ("If a pro se corporate entity fails to secure counsel, despite ample notice of its need to do so, it will be deemed to have defaulted."); *Schwartzman v. Label, LLC*, No. 15-CV-05793 (VSB)(SDA), 2020 WL 1034373, at *2 (S.D.N.Y. Jan. 22, 2020) (dismissing case pursuant to Rule 41(b) because corporate plaintiff cannot proceed without a lawyer), *report and recommendation adopted*, 2020 WL 1033531 (S.D.N.Y. Mar. 3, 2020).

Turning to the present case, the five factors favor the Court's dismissal for failure to prosecute. Plaintiff failed to comply with the Court's July 8 Order to obtain counsel by October

6, 2025, despite being notified that failure to obtain counsel would result in dismissal of the action.  Thus, Plaintiff had several months and a sufficient warning to obtain counsel to prevent dismissal of the claims.  *See Krishiv, LLC v. Mt. Hawley Ins. Co.*, No. 23-CV-2727 (ER), 2023 WL 4931668, at *2 (S.D.N.Y. Aug. 2, 2023) (dismissing a suit *sua sponte* after a corporate plaintiff was warned for three months and still failed to obtain counsel).

Further delay would prejudice the Defendants who are entitled to a final adjudication of a matter commenced against it over five years ago. The Court's interest in managing its docket weighs in favor of dismissal.  Plaintiff has had years to litigate this case and has not been diligent in taking steps to advance its claims. Indeed, despite the Court's repeated prompting for updates, the matter has not significantly progressed since it was filed.  The Court has considered a lesser sanction but, given the ample time provided to Plaintiff to secure counsel, the warnings provided, and the history of this case, it does not believe a "lesser sanction would be efficacious . . . ." *Blaine E. Taylor Welding, Inc. v. LG Funding, LLC*, No. 22-CV-7623 (PKC), 2024 WL 1833569, at *1 (S.D.N.Y. Apr. 26, 2024).

Because the Plaintiff has not obtained counsel and filed a notice of appearance in compliance with the Court's July 8 Order, the instant action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to close the case.

Dated: October 9, 2025
       New York, New York

                                  SO ORDERED.

                                  *Jennifer Rochon*
                                  JENNIFER L. ROCHON
                                  United States District Judge