UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**GateGuard, Inc.,**
 Plaintiff,

v.

 **MVI Systems LLC, MVI Industries LLC, and Samuel Taub,**
 Defendants.

Case No. 1:19-cv-02472 (JLR)

---

# MOTION TO REINSTATE CASE AND EXTEND TIME TO RETAIN COUNSEL

Plaintiff GateGuard, Inc. ("GateGuard"), by and through its authorized representative **Ari Teman**, respectfully moves this Court pursuant to **Federal Rules of Civil Procedure 60(b)** and **6(b)** to **vacate the dismissal order dated October 9, 2025** (ECF No. 250) and **reinstate this action** on the grounds of excusable neglect, lack of proper service, and newly discovered evidence showing that mediation was ongoing when the dismissal was entered.

## I. BACKGROUND

1. On **July 8, 2025**, the Court granted attorney **Eden Quainton's** motion to withdraw and directed GateGuard to retain substitute counsel by **October 6, 2025**.
 c0fb3160-8885-45e5-9b13-d03727e…

2. Following Mr. Quainton's withdrawal, GateGuard remained in contact with him regarding a potential return to representation. Mr. Quainton indicated by email that he was considering re-engaging as counsel for GateGuard.

3. During mediation proceedings before **Mr. Steven Bierman**, on **September 18, 2025**, Mr. Bierman emailed both parties stating:

```
 "My sincere apologies! I suddenly lost internet, cell service, and
landline at home, all at once. After waiting too long for service, I
finally have driven some distance to be able to connect on mobile. We will
have to reschedule, including to consider request to defer the mediation.
Will email later."
```

 This communication clearly showed that **mediation was still ongoing** and would be **rescheduled**.

4. The timing coincided with the **Jewish High Holidays**, during which both communication and scheduling are naturally constrained. GateGuard reasonably believed that mediation was temporarily deferred and that no adverse action would be taken until the mediation was rescheduled and new counsel finalized.

5. On **October 9, 2025**, Defendant **Samuel Taub** filed a letter requesting dismissal of the action. However, **neither Mr. Teman nor GateGuard received service** of that letter via PACER or email. GateGuard and Mr. Teman were **not receiving PACER notifications** during that period and thus had **no notice or opportunity to respond**.
   b8968f5f-c947-4a87-9873-83f53b2…

6. On the same day, based on Taub's letter and without awareness of the mediator's message or the service failure, the Court issued an **Order dismissing the case under Rule 41(b)**.
   c0fb3160-8885-45e5-9b13-d03727e…

## II. ARGUMENT

### A. Dismissal Was the Result of Excusable Neglect and Lack of Notice

GateGuard's failure to meet the October 6 deadline was **not willful**, but the result of:

- the mediator's communication failure and rescheduling notice,
- concurrent religious holidays,
- ongoing counsel discussions with Mr. Quainton, and
- lack of service of Defendant's October 9 filing.

Because GateGuard was **never properly served** with Taub's motion or notice, it was deprived of the opportunity to respond before dismissal. This constitutes **excusable neglect** and a **procedural defect** under **Rule 60(b)(1) and (4)**.

### B. Defendant Taub's Conduct Was Improper and Misleading

Mr. Taub's October 9 letter omitted key facts, including:

- that the mediator had explicitly announced a postponement of mediation;
- that he himself failed to reply or reschedule; and
- that GateGuard was awaiting further mediation dates in compliance with Court direction permitting pro se participation in mediation.

This **omission misled the Court** and caused dismissal under a false impression that GateGuard was inactive. Such conduct warrants **sanctions** under **Rule 11** or the Court's inherent powers.

### C. Taub May Not Represent His Company Without Counsel

Taub's letter also improperly sought dismissal **on behalf of corporate defendants**, although he is not licensed counsel. A corporate party cannot appear or move through a non-lawyer. Just as the Court required GateGuard to appear through counsel, the same standard must apply to Taub's corporate entities. Allowing him to file dispositive motions **without counsel** violates fundamental parity and fairness.

### D. GateGuard Acted in Good Faith and Is Entitled to Reinstatement and Extension

GateGuard followed the Court's instruction to proceed with mediation while seeking new counsel. Its reliance on the mediator's written statements was reasonable. The company acted in good faith and with diligence. Reinstatement would not prejudice Defendants, whereas dismissal imposes disproportionate harm on a party that was actively participating in settlement efforts.

## III. REQUEST FOR RELIEF

GateGuard respectfully requests that the Court:

1. **Vacate the October 9, 2025 dismissal order** (ECF No. 250);

2. **Reinstate the action** to the active docket;

3. **Extend GateGuard's deadline to retain counsel by 45 days** from reinstatement;

4. **Direct that all future filings be properly served** on both GateGuard and Mr. Teman; and

5. **Sanction Defendant Taub** for misrepresentation and improper filing on behalf of corporate entities without counsel.

---

**Dated:** October 22, 2025
 **Respectfully submitted,**

**s/Ari Teman/**
 Authorized Representative, GateGuard, Inc.
ari@teman.com
Tel Aviv, Israel