LAW OFFICE OF JAMES MEANEY

27 Fairview Street/Huntington, NY 11743
james@meaneylaw.com
631-566-4205 (call or text)

October 31, 2025

*via email*
Honorable Jennifer L. Rochon, District Judge
United States District Court
  Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *GateGuard, Inc. v. MVI Systems LLC; Samuel Taub; and MVI Industries, LLC*
           Case No: 1:19-cv-02472-JLR

Dear Judge Rochon:

I am an attorney admitted to practice law in the United States District Court for the Southern District of New York. Earlier this week, plaintiff, GateGuard, Inc. ("Plaintiff" or "GateGuard") retained my office in connection with this action. In accordance with Your Honor's rules, I respectfully submit this letter motion for an order, in accordance with Federal Rule of Civil Procedure 60(b), relieving Plaintiff from the October 10, 2025 order, which dismissed this action pursuant to Federal Rule of Civil Procedure 41(b). In conjunction with this letter motion, and in support of the factual assertions referred to herein, I am also submitting the October 30, 2025 Declaration of Ari Teman, principal and officer of Plaintiff.

By way of brief background, this case has been pending for over six-and-a-half years. For several years, the matter was stayed due to the parties seeking to resolve the dispute through arbitration. As detailed in the June 23, 2025 letter to Your Honor from Plaintiff's prior counsel, the arbitration proceeding was dismissed due to non-payment of fees by Defendants MVI Systems LLC and Samuel Taub. Shortly thereafter, Plaintiff's prior counsel moved to withdraw as attorney; this motion was granted in a July 8, 2025 order.

The July 8, 2025 order also provided GateGuard until October 6, 2025 to retain new counsel. For various reasons, this did not occur. It is respectfully submitted that such reasons constitute excusable neglect, such that GateGuard should be afforded the benefit of relief from the October 10, 2025 order dismissing this action.

GateGuard's omission in retaining new counsel prior to the October 6, 2025 deadline was due to an amalgamation of issues. As an initial matter, between the time of the July 8, 2025 order and the

1

October 6, 2025 deadline, GateGuard's principal, Ari Teman, took steps to retain new counsel. Mr. Teman was interviewing and negotiating a potential agreement with prospective new counsel. As the deadline was approaching, reaching an agreement with prospective new counsel proved increasingly difficult due to the Jewish High Holidays. Potential new counsel also was suffering from certain health issues, which unfortunately affected his ability to be retained on this action in time to meet the October deadline.

In addition to prospective counsel's health issues and religious obligations present in September and early October, Mr. Teman was also engaged in conversations with his former counsel, Eden Quainton. In those conversations, Mr. Quainton relayed that he was considering returning as GateGuard's counsel, despite prior challenges referred to in his motion to withdraw. Based on these conversations with Mr. Quainton, Mr. Teman reasonably believed that if prospective new counsel was unable to be retained, Mr. Quainton would be able to return and represent GateGuard. Unfortunately, Mr. Quainton's personal and family medical issues presented difficulties that prevented him from returning as counsel.

Moreover, in the months between the July 2025 order and the October 2025 deadline, the parties continued to engage in settlement discussions. Of particular importance toward this end, the parties agreed to pursue mediation. It was Mr. Teman's understanding that such mediation could take place without representation by counsel. Indeed, on September 18, 2025, the parties were engaged in a pre-mediation conference with court-appointed mediator Steven Bierman. Such mediation was cut short because Mr. Bierman lost internet and cell phone service. Mr. Bierman noted that the mediation would need to be rescheduled, and Mr. Teman understood this to mean that mediation would take place after the Jewish High Holidays. Given that the case was on a track to be possibly resolved through mediation, Mr. Teman (without the benefit of counsel) believed that retaining new counsel would not be necessary unless and until such mediation failed. (It is respectfully submitted that references to mediation herein are part of the administrative aspects of the mediation process and thus not confidential.)

In summary, it has been less than one month since the October 6, 2025 deadline passed. It has been three weeks since the Court dismissed this action. Plaintiff has now retained new counsel. Plaintiff has also demonstrated the efforts it took over the course of this past summer and early autumn to retain new counsel, engage in this action, and resolve this dispute. It is respectfully submitted that such actions demonstrate excusable neglect and that given the preference that cases be decided on their merits, Plaintiff should be relieved from the October 10, 2025 dismissal order.

Respectfully submitted,

*/s/ James Malachy Meaney*

James Malachy Meaney
cc: Defendants (via ECF)