UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GATEGUARD, INC.,

                          Plaintiff,

              Case No.: 1:19-cv-02472-JLR

    -against-

MVI SYSTEMS LLC; SAMUEL TAUB; and
MVI INDUSTRIES, LLC,

                          Defendants.
-------------------------------------------------------------X

**DECLARATION OF ARI TEMAN**

ARI TEMAN, in accordance with 28 USC § 1746, declares the truth of the following, under penalty of perjury:

1. I am a principal and officer of Plaintiff, GateGuard, Inc. ("Plaintiff" or "GateGuard"). I submit this declaration in support of Plaintiff's motion under Federal Rule of Civil Procedure ("FRCP") 60 for an order relieving Plaintiff from the October 10, 2025 order of this Court, which dismissed this action pursuant to FRCP 41(b).

2. This action had been stayed for several years due to the parties seeking to resolve this dispute through arbitration. In or about June 2025, the arbitration proceeding was dismissed due to non-payment of fees by Defendants MVI Systems LLC and Samuel Taub.

3. Around the time that the arbitration proceeding was dismissed, Plaintiff's prior counsel, Eden Quainton, moved this Court for an order permitting him to withdraw as counsel.

4. In the July 8, 2025 Order permitting Mr. Quainton to withdraw as counsel, the Court directed GateGuard to retain new counsel by October 6, 2025. Despite efforts to do so, GateGuard was unable to secure new counsel within the time frame set by the Court. However, GateGuard has since retained James Meaney to represent them in this action.

5. GateGuard took various efforts to secure counsel and comply with the Court's July 2025 order. I was in the process of interviewing and negotiating agreements with prospective new counsel, named Efraim Savitt. As the October 6, 2025 deadline was approaching, such efforts were hamstrung by the observance of the Jewish High Holidays. Between the time of the July 2025 order and the deadline imposed therein, there were multiple religious observances, accounting for nearly a quarter of the days during that time span. GateGuard's principals, as observant Jews, were unable to conduct business during such holidays. Furthermore, potential new counsel was suffering from certain health issues, which made it difficult for him to enter into an agreement with GateGuard.

6. I was also suffering from certain health issues during this timeframe, further making it difficult to retain new counsel. Due to these health issues, which are ongoing and at times debilitating, I was replaced as Chief Executive Officer by Daniel Gabbay.

7. During this time, I was also communicating with Mr. Quainton. He expressed interest and openness to returning as counsel for GateGuard. Based on our conversations with Mr. Quainton, we anticipated that he could again represent Plaintiff. Unfortunately, as the deadline to retain counsel was approaching, Mr. Quainton was also undergoing

personal and family issues, which prevented him from entering into an agreement to again represent GateGuard.

8. Also, during the time between the July 2025 order and the October 2025 deadline, the parties were engaged in the mediation process. Indeed, on September 18, 2025, the parties were on a pre-mediation conference call with the mediator when it was suddenly cut short due to connectivity issues with the mediator. It was supposed to be rescheduled, and given the impending holidays, I expected the matter to be rescheduled to some date thereafter and it was my understanding that we did not need counsel during mediation, which was ongoing.

9. Additionally, at the recommendation of Mr. Quainton, I filed multiple requests via the Pro Se Clerk email in GateGuard's cases handled by Mr. Quainton, GateGuard v MVI, GateGuard v Amazon, and GateGuard v Goldmont, asking for an extra 60 days to secure counsel. This request was granted in *Amazon*, and in *Goldmont* the Judge said it was not necessary as Mr. Quainton had not yet filed a proper withdrawal motion. (Mr. Quainton then *again* continued to discuss returning to be our counsel). I do not see the request on this case's docket and it may have been due to my error, but I did prepare the request, using identical language, and so I respectfully ask that the court excuse negligence or error in submitting it. Obviously it was our intention to ask for the 60 days extension in all three cases due to the holidays and illnesses.

10. For the foregoing reasons, GateGuard did not retain counsel in time for the October 6, 2025 deadline. However, GateGuard has diligently endeavored to remedy this default by retaining Mr. Meaney. As such, GateGuard respectfully request that this action be restored to the active docket.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 30 2025

_____
ARI TEMAN