UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GATEGUARD INC., | Case No.: 1:19-cv-02472-JLR |
| Plaintiff, | **DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FRCP 60 AND 6** |
| - against - | |
| MVI SYSTEMS LLC, SAMUEL TAUB, and MVI INDUSTRIES, LLC, | |
| Defendants. | |

ARI TEMAN declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

1. I am submitting this declaration in support of the motion by plaintiff GateGuard, Inc. ("Plaintiff" or "GateGuard") for an order (i) pursuant to Federal Rule of Civil Procedure 60(b), vacating the Order of the Court, dated October 9, 2025 (Dkt. 250), which dismissed this action for Plaintiff's failure to appear with substitute counsel by the Court's designated deadline; and (ii) pursuant to Federal Rule of Civil Procedure 6, enlarging, *nunc pro tunc*, Plaintiff's time to appear with substitute counsel.

2. The legal arguments in support of Plaintiff's motion are set forth in the accompanying memorandum of law. In this declaration I will provide the factual support for the motion demonstrating that Plaintiff's failure to obtain replacement counsel by the Court's deadline was not intentional. The statements made herein are based on my personal knowledge.

3. After Plaintiff's prior counsel unexpectedly moved to withdraw as counsel, Plaintiff attempted to obtain new counsel by the Court ordered deadline of October 6, 2025. Between the time of the Court's Order, dated July 8, 2025, that discharged Eden Quainton, Plaintiff's prior counsel, and the October 6, 2025 deadline, Plaintiff took several steps in an attempt

1

to retain new counsel.[1] Plaintiff was interviewing and negotiating a potential agreement with several prospective new counsel. As the deadline was approaching, reaching an agreement with prospective new counsel proved increasingly difficult due to the Jewish High Holidays. Potential new counsel also was suffering from certain health issues, which unfortunately affected his ability to be retained on this action in time to meet the October deadline. Several other replacement counsel we contacted also ultimately declined retention, stating that they were either unavailable, conflicted, had too busy a case load, or they required a large retainer for which Plaintiff lacked funds.[2]

4. At the same time, and in addition to prospective counsel's health issues and religious obligations present in September and early October, and communications with other potential new counsel, I was also engaged in conversations with Mr. Quainton. In those conversations, Mr. Quainton relayed that he was considering returning as Plaintiff's counsel, despite prior challenges referred to in his motion to withdraw. Based on these conversations with Mr. Quainton, Plaintiff reasonably believed that if prospective new counsel was unable to be retained, Mr. Quainton would be able to return and represent GateGuard. Unfortunately, Mr. Quainton's personal and family medical issues presented difficulties that prevented him from returning as counsel.

5. Moreover, in the months between the July 2025 order and the October 2025 deadline, the parties in the action continued to engage in settlement discussions. Of particular

---

[1] After Plaintiff's CEO resigned in May 2025, I served as Plaintiff's interim CEO primarily responsible for the search for a new CEO. Plaintiff ultimately retained a new CEO in September 2025. It was during this absence of corporate management that Mr. Quainton's resignation took place, which further impacted the search for new counsel.
[2] Plaintiff contacted nearly ten potential replacement attorneys, none of whom would take over the matter.

importance toward this end, the parties agreed to pursue mediation. It was my understanding that such mediation could take place without representation by counsel. Indeed, on September 18, 2025, the parties were engaged in a pre-mediation conference with court-appointed mediator Steven Bierman. Such mediation was cut short because Mr. Bierman lost internet and cell phone service. Mr. Bierman noted that the mediation would need to be rescheduled, and I understood this to mean that mediation would take place after the Jewish High Holidays. Given that the case was on track to be possibly resolved through mediation, I believed (without the benefit of counsel) that retaining new counsel would not be necessary unless and until such mediation failed. (It is respectfully submitted that references to mediation herein are part of the administrative aspects of the mediation process and thus not confidential).

6. Further, during this same time, I was conducting a search for a replacement CEO for Plaintiff as its CEO had resigned in May 2025. It was only in September 2025 that a new CEO, Mr. Daniel Gabbay, was finally retained.

7. The management change at Plaintiff further exacerbated the delay in obtaining replacement counsel for Mr. Quainton as did the retraction at the eve of closing of a potential new investment in Plaintiff's parent company that would have been used to fund new counsel. That investor backed out in the beginning of October 2025.

8. In short, there was an amalgamation of numerous events, many outside the control of Plaintiff, that resulted in Plaintiff missing the Court's October 6, 2025 deadline.

9. Plaintiff has now retained new counsel to replace Mr. Quainton and new counsel has filed a notice of appearance (Dkt. 257).

10. It is respectfully submitted that the actions set forth herein demonstrate excusable neglect for the failure by Plaintiff to comply with the Court's October 6, 2025 deadline.

3

11.     It is further respectfully submitted that Defendants have not been prejudiced by the short delay resulting from Plaintiff's failure to comply with the Court's October 6, 2025 deadline. First, neither of the two corporate defendants have appeared by counsel since their prior counsel was discharged by the Court on August 1, 2025 (Dkt. 244).  Second, defendant Taub is in no position to argue prejudice given that it was defendants' failure to pay the necessary fees to AAA for an arbitration that defendants initially compelled (Dkts. 118, 119) that resulted in the action being returned to the Court. (Dkt. 224).

12.     For the reasons set forth herein and in the accompanying memorandum of law, Plaintiff respectfully requests that the Court grant its motion in its entirety and grant such other and further relief as is right and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: December 11, 2025

_____
ARI TEMAN