Samuel S. Taub
2607 Nostrand Avenue
Brooklyn, NY 11210

December 12, 2025

**VIA ECF**
United States District Court, Southern District of New York
Daniel Patrick Moynihan, United States Courthouse
Hon. Jennifer L. Rochon, U.S.D.J.
500 Pearl St.
New York, NY 10007

      Re: *GateGuard, Inc. v. MVI Systems, LLC et al.*,
      Docket No.: 1:19-cv-02472

Dear Judge Rochon,

      I write *pro se*, pursuant to Fed. R. Civ. P. 12(f) for the limited purpose of moving this Court to strike the Declaration of Ari Teman filed in support of Defendants' Fed. R. Civ. P. 60(b). An opposition to the substance of the motion will be timely filed once the Court sets a return date on the motion. However, as a preliminary matter, Mr. Teman's declaration must be stricken pursuant to the fugitive disentitlement doctrine. *See, e.g., Casa Express Corp. v. Bolivarian Republic of Venezuela*, 2023 U.S. Dist. LEXIS 105703 (S.D. Fla. Apr. 26, 2023)(striking affidavit of fugitive from docket, pursuant to Rule 12(f) when filed in support of fugitive's pending motion).

      In multiple previous letters to this Court, I demonstrated that Ari Teman was a fugitive of the United States. *Teman v. United States of America,* Index. No. 1:25-cv-05424, Dkt. No. 11 ("Teman qualifies as a 'fugitive' whom Second Circuit case law bars from seeking judicial relief."); *United States v. Teman,* 1:19-cr-00696 (September 10, 2025)("Teman's motion cannot be considered for a threshold reason: **he is a fugitive.** . . . **As such, the fugitive disentitlement doctrine applies to him**."); *see also id.* at Dkt. No. 578 ("ORDER as to Ari Teman: Defendant Ari Teman is presently a fugitive, having refused to return, as ordered, from Israel to complete his term of supervised release. . . . There is no need to stay the Court's well-founded determination that Teman is a fugitive."). **The Second Circuit has affirmed this conclusion**: "We conclude that Teman is a fugitive." *United States v. Teman*, No. 24-345-cr, Dkt. 77 at 2. Indeed, as recently as last week, in yet another action filed Mr. Teman—this one against "the judge who presided over his criminal prosecution . . . Teman's former defense counsel in that case, and current and former prosecutors whom Teman alleges had some role in his criminal prosecution"—Judge Mary Kay Vyskocil held that Teman remains "a fugitive in his criminal case", and thus the fugitive disentitlement doctrine remains applicable. *Teman v. Noam Biale et al,* 25-cv-5454, Dkt. No. 25 (S.D.N.Y. Dec. 3, 2025). As a result, Teman has "no right to call upon the court to adjudicate his claims." *Id.*

      Indeed, even assuming the statements in Teman's declaration were true (and many of them are not)[1], the declaration (which unsurprisingly does not reveal his current location) is expressly

---

[1] *See GateGuard Inc. v. Goldmont Realty Corp. et al,* 1:20-cv-01609, Dkt. No. 216 (S.D.N.Y. Nov. 17, 2025)(Judge Caproni dismissing contract action by GateGuard, and rejecting declaration of Ari Teman because, *inter alia,* Teman had filed to return to the United States and because "Teman has lied to the undersigned, Judge Furman, or both").

executed pursuant to 28 U.S.C. §1746. That statute provides two options for execution of declaration. When *within* the United States, the affiant must merely declare the truth of the statements under penalty of perjury. But if *"without* the United States" the affiant must affirm the truth of his or her statements "under the laws of the United States". *See* 28 U.S.C. §1746(1). Teman's declaration expressly utilizes the latter: "I declare under penalty of perjury *under the laws of the United States of America* that the foregoing is true and correct." Dkt. No. 259, p. 3. Simply put, Teman's own declaration confirms that he remains outside of the United States, in violation of his criminal sentencing obligations. He remains a fugitive, and he may not appear in this action or submit any sworn documents for the Court's consideration pursuant to the fugitive disentitlement doctrine.

      For these reasons, the Court should strike the Declaration of Ari Teman submitted in support of Defendant's motion in this case.

      Respectfully submitted,
*/s/ Samuel Taub*
Samuel Taub, *pro se*