# FRYMAN·PC
### Attorneys·at·Law

David Yeger
dyeger@frymanpc.com

December 16, 2025

**VIA ECF**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
500 Pearl Street
New York, NY 10007

      Re: *GateGuard, Inc. v. MVI Systems, LLC et al.*
         Case No. 1:19-cv-02472

Your Honor,

  We represent plaintiff GateGuard Inc. in the above-referenced action. Plaintiff recently filed a motion for an Order: (a) pursuant to Federal Rule of Civil Procedure 60(b), vacating the Order of the Court, dated October 9, 2025 (Dkt. 250), which dismissed this action for Plaintiff's failure to appear with substitute counsel by the Court's designated deadline; and (b) pursuant to Federal Rule of Civil Procedure 6, enlarging, *nunc pro tunc*, Plaintiff's time to appear with substitute counsel (the "Motion"). (Dkt. 258-260). I am writing in response to a letter from *pro se* defendant Samuel Taub to the Court, efiled today (Dkt. 261), in which Mr. Taub requests, pursuant to Rule 12(f), that the Court strike the Declaration of Ari Teman, which Plaintiff submitted in support of the Motion, on the grounds that Mr. Teman is allegedly a fugitive and therefore the fugitive disentitlement doctrine applies.[1]

  Mr. Taub's request should be denied for the very simple reason that Mr. Teman is not a party to this action. The cases Mr. Taub relies on in his letter concerned the application of the fugitive disentitlement doctrine to *parties* to an action. The Motion is brought by plaintiff GateGuard Inc., which has a legal identity independent of Mr. Teman. GateGuard is not a fugitive, it operates in the United States, with offices located in Florida, has a CEO, Mr. Daniel Gabbay, located in Florida, as well as other employees who are located in the United States, and has never been charged with any criminal activity.

  In *U.S. v. All Funds On Deposit In Any Accounts Maintained At Merrill Lynch, Pierce, Fenner & Smith*, 801 FSupp 984 (EDNY 1992), a civil forfeiture action, the United States sought to delay the release of funds sought by two corporate claimants that had prevailed after trial on the government's forfeiture claims, on the grounds that one "Johnny Daccarett, the owner and legal representative" of the claimants was a fugitive. (*Id.* at 997). The court first reviewed the historical background of the fugitive disentitlement doctrine, noting that in disentitlement cases the criminal

---

[1] In his letter Mr. Taub alludes to "opposition to the substance of the motion" which will be forthcoming. Plaintiff will respond to such opposition once it is filed.

10 East Merrick Road, Ste 304 ◆ Valley Stream, NY 11580 ◆ T. (516) 714-4147 ◆ F. (518) 670-0017 ◆ frymanpc.com

Hon. Jennifer L. Rochon, U.S.D.J.
December 16, 2025
Page 2 of 2



claims should be related to the civil proceeding. That is not the case here, where Plaintiff's trade secret claims in this action have no discernible connection to Mr. Teman's criminal case. The court concluded that "[i]t is the claimant corporations [] which prevailed at trial—not Johnny Daccarett. The government has shown no persuasive reason to bar the corporate claimants from receiving their funds. … *Daccarett's status as a fugitive is irrelevant*." (*Id.* at 999) (emphasis added).

      Similarly, whatever Mr. Teman's status, he is not a party to this action and is not the movant for the Motion. Mr. Taub has presented no evidence or even alleged that GateGuard is a shell corporation or Mr. Teman's later ego. Accordingly, there is no basis to strike Mr. Teman's declaration upon which Plaintiff is relying in support of its Motion.

      Mr. Taub's request should also be denied for the additional reason that Rule 12(f) by its very terms applies only to a "pleading." *FRCP* 12(f) ("The court may strike from a pleading…"). The term "pleading" is defined in Rule 7(a), and such definition does not encompass Mr. Teman's declaration. *See Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V.*, 2025 WL 2656379 (SDNY Sept. 17, 2025).

      Respectfully submitted,

*/s/ David Yeger*

David Yeger

cc:    All counsel of Record (via ECF)
        Samuel Taub, Defendant *Pro Se* (via ECF)