UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GATEGUARD, INC.,

                       Plaintiff,

       -against-

MVI SYSTEMS LLC, et al.,

                     Defendants.

Case No. 1:19-cv-02472 (JLR)

**<u>ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, GateGuard, Inc., brought this suit against MVI Systems LLC and Samuel Taub ("Taub") more than seven years ago on March 20, 2019.  Dkt. 1.  Plaintiff later amended to add MVI Industries, LLC as a defendant in a Second Amended Complaint filed on February 19, 2020.  Dkt. 51.  On September 28, 2021, the Court granted Defendants' motion to compel Plaintiff to commence arbitration and stayed the case pending arbitration.  Dkt. 171.  Status updates were periodically provided to the Court, but no arbitration was ultimately held, and the American Arbitration Association issued an order terminating the arbitration on June 4, 2025 for nonpayment of fees.  Dkt. 224-1.  On June 23, 2025, Plaintiff's attorney, Eden P. Quainton, filed a motion to withdraw as counsel, citing an irreconcilable breakdown in communication between counsel and Plaintiff.  Dkt. 230; Dkt. 232 ¶ 3.  The Court held a hearing on the motion, where Plaintiff's CEO, Ari Teman ("Teman"), was present, and granted Quainton's motion to withdraw as counsel for Plaintiff on July 8, 2025.  Dkt. 237 at 1.  On the record at that hearing, and in its subsequent Order granting the motion to withdraw, the Court advised Teman that Plaintiff could not proceed *pro se* as a corporation and set a deadline of October 6, 2025, for Plaintiff to retain new counsel.  *Id.* (citing *Steadman v. Citigroup Glob. Mkts. Holdings Inc.*, 592 F. Supp. 3d 230, 244 (S.D.N.Y. 2022)).

That deadline passed, and no attorney filed a notice of appearance on behalf of Plaintiff. Nor did Plaintiff contact the Court to request an extension of that deadline.  Thus, on October 10, 2025, the Court dismissed the action for failure to prosecute given Plaintiff's failure to retain counsel.  Dkt. 250 ("October 10, 2025 Order").

Three weeks later, on October 31, 2025, Plaintiff filed a letter, through newly-retained counsel James Meaney ("Meaney"), requesting that the Court relieve Plaintiff from the October 10, 2025 Order in accordance with Federal Rule of Civil Procedure ("Rule") 60(b).  *See generally* Dkt. 255.  The Court denied the request without prejudice because it had been made via letter and not by motion, as Local Civil Rule 7.1(e) requires.  Dkt. 256.  Meaney did not subsequently file a motion.

Instead, about six weeks later, another attorney, David Yeger of Fryman PC, filed a notice of appearance, Dkt. 257, and a motion on behalf of Plaintiff under Rule 60(b) to vacate the October 10, 2025 Order dismissing the action and to enlarge Plaintiff's time to secure substitute counsel *nunc pro tunc*, Dkt. 258 ("Mot."); Dkt. 260 ("Br.").  The motion was accompanied by the declaration of Ari Teman, a representative of Plaintiff.  Dkt. 259 ("Teman Decl.").  Defendant Taub opposed the motion on December 12, 2025, arguing that the Court should strike Teman's declaration because he is a fugitive of the United States.  Dkt. 261 ("Opp.").  Plaintiff filed a reply letter on December 16, 2025.  Dkt. 262 ("Reply").

Rule 60(b) provides "grounds on which a court, in its discretion, can rescind or amend a final judgment or order."  *Reid v. City of New York*, No. 20-cv-00644 (GBD), 2024 WL 36880, at *2 (S.D.N.Y. Jan. 3, 2024) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).  Under Rule 60(b)(1), the court may relieve a party from a final judgment or order for, among other things, "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "Generally[,] this provision has been invoked to remedy the mistake of a party or his

2

representatives." *In re Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981); *accord Stefanopoulos v. City of New York*, 299 F. App'x 49, 50 (2d Cir. 2008) (summary order).

Rule 60(b) motions, however, are "disfavored and reserved for exceptional cases." *Simon v. United States*, No. 12-cv-05209 (ER), 2020 WL 832887, at *3 (S.D.N.Y. Feb. 20, 2020). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 61. Indeed, "[r]elief under Rule 60(b) is only warranted if the defendant presents highly convincing evidence that demonstrates extraordinary circumstances justifying relief." *Hoffenberg v. United States*, No. 00-cv-01686 (RWS), 2010 WL 1685558, at *4 (S.D.N.Y. Apr. 26, 2010) (internal quotation marks and citations omitted), *aff'd*, 333 F. App'x 625 (2d Cir. 2009) (summary order).

Plaintiff argues that Rule 60(b) relief is justified here because of excusable neglect. Br. at 1. According to Plaintiff, it was attempting to find new counsel but encountered obstacles such as unspecified "health impediments" experienced by potential counsel, "intervening holidays," and "an ongoing attempt to mediate the dispute." *Id.* at 2; *see also* Teman Decl. ¶ 3. Plaintiff also claims that several lawyers declined to represent it because they were unavailable, had conflicts, or were too busy. *Id.* Additionally, prior counsel also confusingly indicated that he "might" continue to represent Plaintiff. *Id.* Plaintiff further asserts that the delay was brief, Plaintiff acted in good faith, and there is no prejudice to Defendants. *Id*. at 1-3.

The circumstances described by Plaintiff, however, do not warrant relief under Rule 60(b). Plaintiff was afforded months to secure new counsel and did not meet the deadline, nor request an extension of time prior to the deadline. Holidays, difficulty finding counsel, and ongoing mediation are not reasonable excuses for failing to secure counsel during the lengthy period afforded to Plaintiff, especially since this delay is consistent with the manner in which Plaintiff has been litigating this case — namely Plaintiff has not been diligent in taking steps to

3

advance its claims and the matter has not significantly progressed since it was filed in 2019.

Even after the October 6, 2025 deadline passed, Plaintiff did not secure new counsel until almost

two months later.  *See Krishiv, LLC v. Mt. Hawley Ins. Co.*, No. 23-cv-02727 (ER), 2023 WL

4931668, at *2 (S.D.N.Y. Aug. 2, 2023) (dismissing a suit *sua sponte* after a corporate plaintiff

was warned for three months and still failed to obtain counsel).  Further delay would also

prejudice Defendants, who are entitled to a final adjudication of a matter commenced against

them seven years ago.

Accordingly, Plaintiff's motion to vacate the Court's October 10, 2025 Order is

DENIED.  The Clerk of the Court is respectfully directed to terminate the motion at Dkt. 258.

Dated: April 13, 2026
       New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

4